**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

AUDRA BLANKERS and W.B.T. ARNOLD, on behalf of themselves and others similarly situated,

        Plaintiffs,

        v.

PUSHPAY USA, INC.,

        Defendant.

No.

**COMPLAINT - CLASS AND COLLECTIVE ACTION**

**TRIAL BY JURY DEMANDED**

Complaint - Class and Collective Action - 1
No.

Plaintiffs Audra Blankers and W.B.T. Arnold (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys Werman Salas P.C. and Crotty & Son Law Firm, PLLC, complaining of the conduct of Defendant Pushpay USA, Inc. ("Defendant" or "Pushpay"), allege as follows:

### Nature of this Lawsuit

1.      This lawsuit seeks to recover unpaid overtime compensation and other damages for Plaintiffs and similarly situated co-workers who have worked as inside salespeople at Pushpay locations nationwide in the job title of Sales Development Representative ("SDR") between March 1, 2018 and June 1, 2020.

2.      Pushpay is a "full mobile giving and engagement solution that serves over 7,000 churches around the world."[1]

3.      Pushpay is a mobile application, donor management system for churches and charities.  Pushpay's U.S. office is in Redmond, Washington, and Pushpay is headquartered in Auckland, New Zealand.

4.      SDRs at Pushpay makes outbound calls to potential clients who have expressed interest in learning more about Pushpay or appear to be strong potential customers based on Pushpay's general market focus.

5.      SDRs regularly perform work during their morning commutes and in the office before the start of their scheduled shift; during statutory meal breaks; in the office after their scheduled shifts; during evening commutes; and from home in the evenings and on the weekend.

6.      While employed by Pushpay, Plaintiffs worked more than 40 hours per workweek in one or more workweeks without receiving overtime compensation because Pushpay misclassified SDRs as exempt from overtime between March 1, 2018 and June 1, 2020 in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and Washington state law, Wash. Rev. Code Ann. § 49.46.130.

---

[1]      https://pushpay.com/about-us/ (last visited on Sept. 10, 2021).

Complaint - Class and Collective Action - 2
No.

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

7.    Pushpay is aware that SDRs work(ed) overtime hours because Pushpay's supervisors observ(ed) SDRs working more than 40 hours a week in the office and correspond(ed) with SDRs via email and cell phone when SDRs work(ed) outside of the office after scheduled work hours.

8.    Plaintiffs bring this action on behalf of themselves and all similarly situated current and former Sales Development Representatives who work(ed) for Pushpay nationwide between March 1, 2018 and June 1, 2020, pursuant to the FLSA.

9.    Plaintiffs seek permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to all persons who presently or have at any time during the three years immediately preceding the filing of this action, work(ed) for Pushpay as SDRs nationwide between March 1, 2018 and June 1, 2020.

10.    Plaintiffs also bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class of similarly situated current and former SDRs who worked in the State of Washington between March 1, 2018 and June 1, 2020 to recover wages owed under Washington law, including damages owed under Washington law for failure to provide meal and rest breaks.

### Jurisdiction and Venue

11.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' FLSA claim arises under federal law.  *See* 29 U.S.C. § 216(b).

12.    In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims derive from a common nucleus of operative fact.

13.    The Court has personal jurisdiction over Defendant because it does business in Washington in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in and originated from this District.

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

14.     Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

## The Parties

*Plaintiffs*

Plaintiff Audra Blankers

15.     Plaintiff Blankers is a resident of Bellingham, Washington.

16.     Plaintiff Blankers previously went by the name Audra Saisslin.

17.     Plaintiff Blankers was employed by Pushpay from approximately March 2019 to June 2020 as a SDR from March 2019 to November 2019, and as an Inbound Sales Specialist from December 2019 to June 2020 in Pushpay's Washington office.

18.     At all times relevant, Plaintiff Blankers was Pushpay's "employee" within the meaning of the FLSA and Washington state law.

19.     Plaintiff Blankers worked more than 40 hours in one or more workweeks, but was not paid overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over 40.

20.     For example, to the best of her recollection, during the week of March 18, 2019 Plaintiff Blankers worked approximately eight hours of overtime for which Pushpay did not compensate her at 1.5 times her regular rate of pay.

21.     Plaintiff Blankers regularly worked through meal and rest breaks in order to meet her sales requirements.

22.     A written consent form signed by Plaintiff Blankers is attached hereto as Exhibit A.

Plaintiff W.B.T. Arnold

23.     Plaintiff Arnold is a resident of Seattle, Washington.

24.     Plaintiff Arnold was employed by Pushpay from approximately August 2018 through August 2019 as a SDR in Pushpay's Washington office.

Complaint - Class and Collective Action - 4
No.

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

25.     At all times relevant, Plaintiff Arnold was Pushpay's "employee" within the meaning of the FLSA and Washington state law

26.     Plaintiff Arnold worked more than 40 hours in one or more workweeks, but was not paid overtime compensation at the rate of one and one-half times his regular rate of pay for the hours he worked over 40.

27.     For example, to the best of his recollection, during the week of September 3, 2018 Plaintiff Arnold worked approximately eight hours of overtime for which Pushpay did not compensate him at 1.5 times his regular rate of pay.

28.     Plaintiff Arnold regularly worked through meal and rest breaks in order to meet his sales requirements.

29.     A written consent form signed by Plaintiff Arnold is attached hereto as Exhibit A.

***Defendant Pushpay***

30.     Upon information and belief, Pushpay is a corporation formed under the laws of the State of Delaware with a principal place of business in Redmond, Washington.

31.     Upon information and belief, Pushpay has maintained control, oversight, and direction over its operations and employment practices.

32.     At all times relevant, Pushpay was Plaintiffs' "employer" within the meaning of the FLSA and Washington state law.

33.     At all relevant times, Pushpay maintained control, oversight, and direction over Plaintiffs and other SDRs, including timekeeping, payroll, and other employment practices that applied to them.

34.     Pushpay has applied the same employment policies, practices, and procedures to all SDRs nationwide, including policies, practices, and procedures with respect to payment of overtime compensation.

35.     Pushpay's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

**Collective Action Allegations**

36.     Plaintiffs bring the First Cause of Action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Pushpay as SDRs nationwide between March 1, 2018 and June 1, 2020 and who elect to opt in to this action.

37.     Upon information and belief, there are over one hundred current and former SDRs who are similarly situated to Plaintiffs and were denied overtime compensation.

38.     Plaintiffs are acting on behalf of Pushpay's current and former SDRs's interests as well as their own interests in bringing this action.

39.     Pushpay unlawfully required Plaintiffs and all individuals employed as SDRs to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least one and one-half times their regular hourly rate for all overtime hours worked.

40.     Plaintiffs seek to proceed as a collective action with regard to the First Cause of Action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following group of persons:

> All Sales Development Representatives working for Defendant during the time period between March 1, 2018 and June 1, 2020 (hereinafter referred to as the "FLSA Collective" and the "Collective Period," respectively).

41.     Pushpay was aware or should have been aware that the law required it to pay SDRs, including Plaintiffs and the FLSA Collective, an overtime premium of one and one-half times their regular rate of pay for all work-hours that Pushpay suffered or permitted them to work in excess of 40 per workweek.  Upon information and belief, Pushpay applied the same unlawful policies and practices to its SDRs nationwide.

42.     The FLSA Collective members are readily identifiable and locatable through the use of Pushpay's records.  The FLSA Collective should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the

Complaint - Class and Collective Action - 6
No.

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Pushpay.

### Washington Class Action Allegations

43.     Under Federal Rule of Civil Procedure 23 and Washington law, Plaintiffs bring claims on behalf of themselves and a class of current and former employees who worked as SDRs in the State of Washington during the time period between March 1, 2018 and June 1, 2020 (the "Washington Class").

44.     Excluded from the Washington Class are Pushpay's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time between March 1, 2018 and June 1, 2020 had a controlling interest in Pushpay; any judge to whom this case is assigned and any member of that judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Washington Class.

45.     Pushpay employed Plaintiffs and the members of the Washington Class.

46.     The persons in the Washington Class identified above are so numerous that joinder of all members is impracticable.

47.     Upon information and belief, the size of the Washington Class is at least 100 employees.

48.     There are questions of law and fact common to the Washington Class that predominate over any questions solely affecting individual members of the Washington Class, including but not limited to:

    a.      whether Pushpay failed and/or refused to pay Plaintiffs and the
            Washington Class for all hours worked, including overtime pay for all
            hours worked in excess of 40 hours per workweek in violation of the
            Washington Minimum Wage Act;

    b.      whether Pushpay failed to keep true and accurate time records for all hours

Complaint - Class and Collective Action - 7
No.

worked by Plaintiffs and the Washington Class, in violation of Washington law;

c.      whether Pushpay's policy and practice of failing to compensate the members of the Washington Class for all hours worked was willful;

d.      whether Pushpay failed to provide Plaintiffs and the Washington Class with meal and rest breaks; and

e.      the proper measure of damages sustained and the proper measure of restitution recoverable by members of the Washington Class.

49.    Typicality (Fed. R. Civ. P. 23(a)(3)) – Plaintiffs' claims are typical of the Washington Class's claims.  Plaintiffs, like the Washington Class, were subjected to Defendant's policy and practice of refusing to pay overtime in violation of Washington law.  Plaintiffs' job duties were typical of those of the Washington Class.

50.    Adequacy (Fed. R. Civ. P. 23(a)(4)) – Plaintiffs will fairly and adequately represent and protect the interests of the Washington Class.  Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the Washington Class to represent its interests fairly and adequately.  Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Washington Class just as they would represent and consider their own interests.

51.    Adequacy of counsel (Fed. R. Civ. P. 23(g)) – Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.  Plaintiffs' counsel has litigated numerous class actions on behalf of employees asserting overtime misclassification claims under the FLSA and state law.  Plaintiffs' counsel intends to commit the necessary resources to prosecute this action vigorously for the benefit of all Class members.

52.    Predominance and Superiority (Fed. R. Civ. P. 23(b)(3)) – Class certification of the Second, Third, and Fourth Cause of Action is appropriate under Fed. R. Civ. P. 23(b)(3)

Complaint - Class and Collective Action - 8
No.

because questions of law and fact common to the Washington Class predominate over any questions affecting only individual members of the Washington Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices unlawfully treat the Washington Class as exempt from overtime pay requirements.  The damages suffered by individual Washington Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments regarding Defendant's practices.

53.     Notice (Fed. R. Civ. P. 23(c)(2)(B)) –Plaintiffs intend to send notice to all Washington Class members consistent with the requirements of Fed. R. Civ. P. 23.

### FIRST CAUSE OF ACTION
**FLSA – Overtime Wages**
**29 U.S.C. §§ 201, *et seq*.**
**(Brought by Plaintiffs – Individually and on Behalf of the FLSA Collective)**

54.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

55.     Plaintiffs and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

56.     During the time period between March 1, 2018 and June 1, 2020, Pushpay employed Plaintiffs and members of the FLSA Collective for workweeks in which they worked more than 40 hours and willfully failed to compensate them for the time worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

57.     Plaintiffs have expressed their consent to make these claims against Pushpay by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

58.     Pushpay failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiffs and the FLSA Collective.

Complaint - Class and Collective Action - 9
No.

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

59.     Because Pushpay's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

60.     As a consequence of the willful underpayment of wages, alleged above, Plaintiffs have incurred damages thereby, and Pushpay is indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

<u>SECOND CAUSE OF ACTION</u>
**(Washington Minimum Wage Act: Unpaid Overtime Wages**
**Brought by Plaintiffs on Behalf of Themselves and the Washington Class)**

61.     Plaintiffs, on behalf of themselves and all members of the Washington Class, reallege and incorporate by reference all other paragraphs as if they were set forth again herein.

62.     RCW 49.46.130(1) provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

63.     Throughout the time period between March 1, 2018 and June 1, 2020, Plaintiffs and the Washington Class worked in excess of 40 hours in a workweek.

64.     During the time period between March 1, 2018 and June 1, 2020, Defendant misclassified Plaintiffs and the Washington Class as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

65.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Washington Class have been deprived of compensation in an amount to be determined at trial, and Plaintiffs and the Washington Class are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.46.090.

Complaint - Class and Collective Action - 10
No.

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

### THIRD CAUSE OF ACTION
**(Washington Meal and Rest Period Provisions,
RCW 49.12.020 and WAC 296-126-092,
Brought by Plaintiffs on Behalf of Themselves and the Washington Class)**

66.     Plaintiffs, on behalf of themselves and the Washington Class, reallege and incorporate by reference all other paragraphs as if they were set forth again herein.

67.     RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

68.     RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

69.     Under RCW 49.12.005 and WAC 296-126-002, "conditions of labor" "means and includes the conditions of rest and meal periods" for employees.

70.     WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts, and the meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

71.     Under Washington law, Pushpay has an obligation to provide employees with the meal and rest breaks to which they are entitled.

72.     Under Washington law, Pushpay has an obligation to ensure that employees take the meal and rest breaks to which they are entitled.

73.     Under Washington law, Pushpay has an obligation to provide employees with thirty minutes of additional pay for each missed meal break

74.     Under Washington law, Pushpay has an obligation to provide employees with ten minutes additional pay for each missed rest break.

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

75.    By the actions alleged above, including the failure to provide Plaintiffs and the Washington Class with proper meal and rest periods, Pushpay has violated RCW 49.12.020 and WAC 296-126-092 during the time period between March 1, 2018 and June 1, 2020.

76.    As a result of these unlawful acts, Plaintiffs and the Washington Class have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Washington Class are entitled to the recovery of such damages, including interested thereon, as well as attorneys' fees, pursuant to RCW 49.48.030, and costs.

### FOURTH CAUSE OF ACTION
**(Washington Wage Rebate Act: Willful Refusal to Pay Wages Owed, Brought by Plaintiffs on Behalf of Themselves and the Washington Class)**

77.    Plaintiffs, on behalf of themselves and the Washington Class, reallege and incorporate by reference all other paragraphs as if they were set forth again herein.

78.    RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for exemplary damages in the amount of twice the wages withheld, attorneys' fees, and costs.

79.    As a result of the willful, unlawful acts of Pushpay, Plaintiffs and members of the Washington Class have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and members of the Washington Class are entitled to exemplary damages, attorneys' fees, and costs under RCW 49.52.070.

### Prayer for Relief

WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of the FLSA Collective and Washington Class, request the following relief:

A.    Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert

Complaint - Class and Collective Action - 12
No.

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C.

§ 216(b);

      B.      Certification of the proposed Washington Class for the claims against Pushpay;

      C.      Appoint Plaintiffs as representatives of the Washington Class;

      D.      Appoint the undersigned counsel as counsel for the Washington Class;

      E.      An award of damages, according to proof, including liquidated damages, to be paid by Pushpay;

      F.      Exemplary damages pursuant to the Washington Wage Rebate Act, RCW 49.52, *et seq*.

      G.      Appropriate equitable and injunctive relief to remedy violations, including but not limited to an order enjoining Pushpay from continuing its unlawful practices under the FLSA and Washington state law and/or a declaration that Pushpay's acts violate the FLSA and Washington state law;

      H.      Reasonable service awards for Plaintiffs to compensate them for the time they spent attempting to recover wages for the FLSA Collective and the Washington Class and for the risks they took in doing so;

      I.      Costs of the action incurred herein;

      J.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and Washington state law;

      K.      Post-judgment interest, as provided by law; and

      L.      Such other relief as this Court deems necessary, just, and proper.

## **Jury Demand**

Plaintiffs demand a trial by jury.

Dated: November 16, 2021              Respectfully submitted,

                                        s/ Matthew Crotty

                                        MATTHEW CROTTY, WSBA 39284

Complaint - Class and Collective Action - 13
No.

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

1
2
3

matt@crottyandson.com
Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
(509) 850-7011

4
5
6
7
8

DOUGLAS M. WERMAN*
dwerman@flsalaw.com
Michael T. Tresnowski*
mtresnowski@flsalaw.com
Werman Salas P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

9
10
11
12

SALLY J. ABRAHAMSON*
sabrahamson@flsalaw.com
Werman Salas P.C.
335 18th Pl. NE
Washington, D.C. 20002
(202) 830-2016

13

14
15

*Application for admission pro hac vice
forthcoming

16

**Attorneys for Plaintiffs and others
similarly situated**

17
18
19
20
21
22
23
24
25
26
27

Complaint - Class and Collective Action - 14
No.