1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AUDRA BLANKERS and W.B.T. ARNOLD, on behalf of themselves and others similarly situated,<br><br>                    Plaintiffs,<br><br>      v.<br><br>PUSHPAY USA, Inc.,<br><br>                    Defendant. | CASE NO. 2:21-cv-01549-JHC<br><br>ORDER RE: PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE SETTLEMENT |

This matter comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class and Collective Settlement.  Dkt. # 3.  The Court has considered the motion, the relevant portions of the record, and the applicable law.  Being fully advised, the Court DENIES the motion without prejudice to the parties renewing the motion after the proposed Notice of Settlement is revised.  The Court also reminds the parties that, under 28 U.S.C. § 1715, notices of class action settlements must be provided to the appropriate Federal and State officials.

As an exhibit to their motion, the parties attach a proposed Notice of Class and Collective Action Settlement ("Proposed Notice").  Dkt. # 3–3.  The Proposed Notice states that individuals may opt out of the settlement by submitting a written statement to Class Counsel before the

ORDER RE: PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY
APPROVAL OF CLASS AND
COLLECTIVE SETTLEMENT - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

objection/exclusion deadline.  *Id.* at Section 7.  It also provides that, if an individual does not

affirmatively opt out of the settlement, they "will release Pushpay and Pushpay's current and

former parent, subsidiaries, sister companies, other affiliated companies, and employees,

directors, and officers from all claims or causes of action relating to unpaid overtime wages and

missed or non-compliant rest/meal breaks under federal, Washington state, and local law" during

the relevant time period.  *Id.* at Section 6.  However, the Proposed Notice does not differentiate

between the "opt out" requirements of the Rule 23 state law class and the "opt in" requirements

of the FLSA collective, and it is unclear as to which claims are released by which actions.

     The Court instructs the parties to submit an amended proposed Notice of Settlement.  The

notice should explain the following:

1) If recipients do not affirmatively opt out of the settlement by submitting a written

statement to Class Counsel before the objection/exclusion deadline, they will be

deemed a part of the Rule 23 Washington state law class.  They will thereby release

the Defendant from all claims or causes of action relating to unpaid overtime wages

and missed or non-compliant rest/meal breaks under Washington state law for the

time they worked as salaried exempt Sales Development Representatives between

March 1, 2018 and June 1, 2020.

2) Even if recipients do not cash their settlement checks, unless they affirmatively opt

out of the Settlement Class, they are releasing certain Washington state law claims

against the Defendant.

3) If recipients cash their settlement checks, in addition to being part of the Rule 23

state law class, they will be deemed a part of the FLSA collective.  They will thereby

release the Defendant from all claims or causes of action relating to unpaid overtime

wages and missed or non-compliant rest/meal breaks under the Fair Labor Standards Act for the time they worked as salaried exempt Sales Development Representatives between March 1, 2018 and June 1, 2020.

The parties may file a renewed motion for preliminary approval of class and collective settlement after the notice is revised.

The Court further instructs the parties to file a declaration accompanying their renewed motion indicating whether they have served notice of the proposed settlement on the appropriate Federal and State officials as is required under 28 U.S.C. § 1715.  The declaration should specify when they served the notices and whom they were served upon, or indicate why the notices could not or need not be served.

Dated this 26th day of May, 2022,

John H. Chun
United States District Judge

ORDER RE: PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY
APPROVAL OF CLASS AND
COLLECTIVE SETTLEMENT - 3