1

2

3

4

5

6

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON**

8

9    AUDRA BLANKERS and W.B.T. ARNOLD, on behalf of themselves and others similarly situated,

10

No. 2:21CV01549

11                    Plaintiffs,

**PLAINTIFFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE SETTLEMENT**

12                    v.

13    PUSHPAY USA, Inc.,

14

**Noticed for Hearing: TBD**

15                    Defendant.

16

17

18

19

20

21

22

23

24

25

26

27

Plaintiffs' Renewed Motion for Preliminary Approval of Settlement - i
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................. 1

II.   STATEMENT OF FACTS AND SUMMARY OF THE LITIGATION ........................... 2

      A.    Factual Allegations. ................................................. 2

      B.    Overview of Investigation and Settlement Negotiations. ............... 2

III.  SUMMARY OF SETTLEMENT TERMS ................................................ 3

      A.    The Settlement Class and Class Period. ............................... 3

      B.    The Gross Settlement Amount. ......................................... 4

      C.    The Settlement Provides for Direct Payments to Settlement Class Members. ..... 4

      D.    Settlement Allocation. ............................................... 5

      E.    Limited Release of Claims for the Named Plaintiffs and Settlement Class
            Members. ............................................................. 5

      F.    Settlement Administration. ........................................... 5

      G.    Notice of Settlement. ................................................ 5

      H.    Service Awards. ...................................................... 6

      I.    Attorneys' Fees and Costs. ........................................... 6

IV.   THE COURT SHOULD GRANT PRELIMINARY APPROVAL ................................ 7

      A.    Settlement of Class Action Litigation is Favored. ................... 7

      B.    The Court Should Conditionally Certify the Class. .................... 8

            1.    Certification Will be Appropriate Under Rule 23(a). ........... 9

                  a.    The Numerosity Requirement is Met. ..................... 9

                  b.    The Settlement Class Meets the Commonality
                        Requirement. .......................................... 9

                  c.    The Settlement Class Meets the Typicality Requirement. ... 10

                  d.    Adequacy of Representation is Satisfied. ............... 11

            2.    Certification is Appropriate Under Rule 23(b). ............... 11

Plaintiffs' Renewed Motion for Preliminary
Approval of Settlement - i
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

            a.       Common Questions Predominate. ................................................. 11

            b.       A Class Action is a Superior Mechanism. .................................... 13

C.     The Settlement Warrants Preliminary Approval Because It Is Fair, Reasonable, and Adequate. .................................................................................................... 13

    1.     The Settlement was Negotiated at Arms' Length – Rule 23(e)(2)(B) after Extensive Informal Discovery........................................ 14

    2.     The Settlement Provides Fair, Reasonable, and Adequate Relief to the Class – Rule 23(e)(2)(C). ........................................................... 15

    3.     The Costs, Risks, and Delay of Trial and Appeal Weigh in Favor of the Settlement. ......................................................................... 16

    4.     The Effectiveness of the Proposed Method of Distributing Relief to Settlement Class Members............................................................ 16

    5.     Any Agreement Required to be Identified Under Rule 23(e)(3). ............. 17

    6.     The Settlement Treats Settlement Class Members Equitably Relative to Each Other – Rule 23(e)(2)(D).................................................. 17

D.     The Settlement Meets the Standard for Approval Under the FLSA. .................. 17

E.     The Requested Attorneys' Fees and Costs are Reasonable................................ 18

F.     The Class Representative Service Awards are Reasonable................................ 19

G.     The Parties' Proposed Settlement Notice Program. ............................................ 20

H.     The Parties' Proposed Schedule is Reasonable. ................................................. 21

V.    CONCLUSION............................................................................................................. 21

# TABLE OF AUTHORITIES

**Cases**                                                                                 **Page(s)**

*Aguirre v. DirecTV, LLC*
Case No. 16 Civ. 06836, 2017 WL 6888493 (C.D. Cal. Oct. 6, 2017) .................................. 18

*Ali v. Menzies Aviation, Inc.*
No. 16-CV-00262RSL, 2016 WL 4611542 (W.D. Wash. Sept. 6, 2016) ................................ 7

*Amchem Prods. Inc. v. Windsor*
521 U.S. 591 (1997).......................................................................................................... 12

*Arrendondo v. Delano Farms Co.*
No. 09 Civ. 1247, 2011 WL 1486612 (E.D. Cal. Apr. 19, 2011) ......................................... 7

*Barbosa v. Cargill Meat Sols. Corp.*
297 F.R.D. 431 (E.D. Cal. 2013) ...................................................................................... 16

*Bell v. Consumer Cellular, Inc.*
No. 15 Civ. 941, 2017 WL 2672073 (D. Or. June 21, 2017) .............................................. 15

*Bolding v. Banner Bank*
No. 17 Civ. 0601, 2018 WL 4908260 (W.D. Wash. Oct. 10, 2018) ................................... 10

*Burlington v. Dague*
505 U.S. 557, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992)................................................. 19

*Carter v. Anderson Merchandisers, LP*
No. 08 Civ. 0025, 2010, WL 1946784 (C.D. Cal. May 11, 2010) ...................................... 14

*Chetwood v. T-Mobile USA, Inc.*
No. 19 Civ. 00458, 2021 WL 2206481 (W.D. Wash. June 1, 2021)................................. 7, 18

*Churchill Village, LLC. v. Gen. Elec.*
361 F.3d 566 (9th Cir. 2004) ............................................................................................ 13

*Class Plaintiffs v. City of Seattle*
955 F.2d 1268 (9th Cir. 1992) ............................................................................................ 6

*Deaver v. Compass Bank*
No. 13 Civ. 00222, 2015 WL 8526982 (N.D. Cal. Dec. 11, 2015) ...................................... 14

*Demmings v. KKW Trucking, Inc.*
No. 14 Civ. 0494, 2018 WL 4495461 (D. Or. Sept. 19, 2018)........................................... 18

*Dunn v. Teachers Ins. & Annuity Ass'n of Am.*
No. 13 Civ.  05456, 2016 WL 153266 (N.D. Cal. Jan. 13, 2016) ........................................ 17

Plaintiffs' Renewed Motion for Preliminary
Approval of Settlement - i
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

*Evon v. Law Offices of Sidney Mickell*
    688 F.3d 1015 (9th Cir. 2012) ........................................................................... 10, 11

*Franco v. Ruiz Food Prods.*
    No. 10 Civ. 02354, 2012 WL 5941801 (E.D. Cal. Nov. 27, 2012) ........................ 18

*Gragg v. Orange CAB Co., Inc.*
    No. 12 Civ. 0576, 2017 WL 785170 (W.D. Wash. Mar. 1, 2017) ........................... 7

*Hanlon v. Chrysler Corp.*
    150 F.3d 1011 (9th Cir. 1998) ........................................................................... 13, 14

*In re Hyundai & Kia Fuel Econ. Litig.*
    926 F.3d 539 (9th Cir. 2019) ................................................................................... 12

*Jimenez v. Allstate Ins. Co.*
    765 F.3d 1161 (9th Cir. 2014) ....................................................................... 9, 10, 11

*Just Film, Inc. v. Buono*
    847 F.3d 1108 (9th Cir. 2017) ................................................................................. 10

*Knox v. Jones Grp.*
    No. 15 Civ. 1738, 2017 WL 3834929 (S.D. Ind. Aug. 31, 2017).......................... 11

*Leverage v. Traeger Pellet Grills, LLC*
    No. 16 Civ. 00784, 2017 WL 2797811 (N.D. Cal. June 28, 2017) .................... 15, 18

*Lynn's Food Stores, Inc. v. United States*
    679 F.2d 1350 (11th Cir. 1982) .............................................................................. 17

*Maciel v. Bar 20 Dairy, LLC*
    No. 17 Civ. 00902, 2021 WL 1813177 (E.D. Cal. May 6, 2021)........................... 18

*May v. Wynn Las Vegas, LLC*
    No. 15 Civ. 02142, 2021 WL 244929 (D. Nev. Jan. 25, 2021)............................. 20

*McCluskey v. Trustees of Red Dot Corp. Emp. Stock Ownership Plan & Tr.*
    268 F.R.D. 670 (W.D. Wash. 2010) .......................................................................... 9

*Mendis v. Schneider Nat'l Carriers, Inc.*
    No. 15 Civ. 0144, 2017 WL 497600 (W.D. Wash. Feb. 7, 2017) ...................... 9, 12

*Officers for Justice v. Civil Serv. Comm'n*
    688 F.2d 615 (9th Cir. 1982) ................................................................................... 15

*Otey v. CrowdFlower, Inc.*
    No. 12 Civ. 05524, 2015 WL 153266 (N.D. Cal. Oct. 16, 2015)........................... 17

*Phillips Petroleum Co. v. Shutts*
    472 U.S. 797 (1985) ................................................................................................ 20

*Rausch v. Hartford Fin. Servs. Grp.*
    No. 01 Civ. 1529, 2007 WL 671334 (D. Or. Feb. 26, 2007) .................................... 20

*Rodriguez v. Danell Custom Harvesting, LLC*
    293 F. Supp. 3d 1117 (E.D. Cal. 2018) .................................................................. 10

*Rosales v. El Rancho Farms*
    No. 09 Cob. 00707, 2015 WL 4460635 (E.D. Cal. July 21, 2015) ........................... 19

*Satchell v. Fed. Exp. Corp.*
    No. 03 Civ. 2659, 2007 WL 1114010 (N.D. Cal. Apr.13, 2007) ............................. 14

*Soto, et al. v. O.C. Communications, Inc., et al.*
    No. 17 Civ. 00251, ECF 304 (N.D. Cal. Oct. 23, 2019) .......................................... 20

*Staton v. Boeing Co.*
    327 F.3d 938 (9th Cir. 2003) ........................................................................... 10, 19

*Viceral v. Mistras Grp., Inc.*
    No. 15 Civ. 2198, 2016 WL 5907869  (N.D. Cal. Oct. 11, 2016) ............................ 15

*Wal-Mart Stores, Inc. v. Dukes*
    564 U.S. 338 (2011) ................................................................................................. 9

*Wren v. RGIS Inventory Specialists*
    No. 06 Civ. 05778, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) ...................... 13, 14

*Zuern v. IDS Prop. Cas. Ins. Co.*
    No. 19 Civ. 6235, 2021 WL 735751 (W.D. Wash. Feb. 25, 2021) ........................... 8

### Statutes

Fair Labor Standards Act ................................................................................... *passim*

### Other Authorities

ALBA CONTE & HERBERT B. NEWBERG,
    NEWBERG ON CLASS ACTIONS § 11.41 (3d ed. 1992) ......................................... 6, 7

*Manual for Complex Lit.*, Fourth, § 21.632–34 .................................................... 7

### Rules

Fed. R. Civ. P. 23 ............................................................................................... *passim*

## I.    INTRODUCTION

Named Plaintiffs Audra Blankers and W.B.T. Arnold (collectively, "Named Plaintiffs"), on behalf of themselves and the Settlement Class they seek to represent, filed this renewed motion seeking preliminary approval of the Parties' Settlement Agreement attached as Exhibit 1.[1]  Under the terms of the Settlement, Defendant Pushpay USA, Inc. ("Pushpay" or "Defendant") will pay $1,750,000 to resolve this wage and hour action for the alleged failure to pay overtime and provide statutorily required meal and rest breaks to the company's Sales Development Representatives ("SDRs") from the time period of March 1, 2018 through June 1, 2020.

Because the proposed Settlement Agreement is "fair, reasonable and adequate," provides a settlement payment to all Settlement Class Members with no claims process, and otherwise satisfies all criteria for approval under the Fair Labor Standards Act ("FLSA") and preliminary class action settlement approval, Plaintiffs respectfully request the Court grant this motion and enter the proposed Order, in the form submitted with this motion, that: (1) grants preliminary approval of the proposed Settlement Agreement; (2) certifies the proposed FLSA collective; (3) conditionally certifies a Federal Rule of Civil Procedure 23 ("Rule 23") Washington state law class for settlement purposes; (4) appoints Plaintiffs' Counsel as Class Counsel; (5) appoints Analytics LLC as the Settlement Administrator; (6) approves the proposed Court-Authorized Amended Notice of Settlement; and (7) sets a date for the Final Approval Hearing.  Defendant does not oppose this motion.[2]

---

[1] All capitalized terms are defined in the Settlement Agreement, attached to the Declaration of Douglas M. Werman ("Werman Decl."), as Exhibit 1.

[2] A proposed Order is attached as Exhibit 5 to the Werman Decl.

Plaintiffs' Renewed Motion for Preliminary
Approval of Settlement - 1
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

## II.    STATEMENT OF FACTS AND SUMMARY OF THE LITIGATION

### A.    Factual Allegations.

Plaintiffs Audra Blankers (formerly Audra Saisslin) and W.B.T. Arnold worked as SDRs for Pushpay.  Complaint, ¶¶ 17, 24.  Pushpay provides churches and charities with a mobile application for managing donors.  *Id*. at ¶¶ 2-3.  To connect with churches and charities, Pushpay employs a team of SDRs to contact potential clients.  *Id*. at ¶ 4.

Plaintiffs and the Settlement Class that they seek to represent are exempt-classified SDRs.  Between March 1, 2018 and June 1, 2020, Pushpay classified SDRs as exempt from the overtime requirements of federal and state law and did not compensate them for hours worked over 40 in a workweek.  *Id*. at ¶ 6.  Plaintiffs allege that this classification as exempt was unlawful and that SDRs performed primarily non-exempt job duties, including making phone calls to potential clients who expressed interest in working with Pushpay or who fit into Pushpay's general market focus.  *Id*. at ¶ 4.

Plaintiffs allege that this misclassification deprived them of substantial overtime pay in light of the demanding schedule required to fulfill their job duties.  Pushpay is headquartered overseas in New Zealand.  *Id*. at ¶ 3.  As a result, Pushpay SDRs allege they regularly took calls outside of business hours, including calls during morning and evening commutes, over the weekend, and during statutorily required meal breaks.  *Id*. at ¶ 5.

Pushpay denies these allegations and denies liability for Plaintiffs' claims.  In pre-litigation discussions, Pushpay maintained that SDRs were properly classified as exempt from the overtime requirements, argued Plaintiffs overstated the extent of their overtime hours worked, and argued Plaintiffs would face challenges certifying their claims for class treatment.

### B.    Overview of Investigation and Settlement Negotiations.

Plaintiff Blankers first notified Pushpay of her intent to pursue her wage and hour claims on March 1, 2021.  Werman Decl. ¶ 12.  Prior to sending the letter, Plaintiffs' Counsel conducted an extensive investigation, including interviews with eight other former Pushpay employee witnesses, and corporate and legal research.  *Id*. ¶ 13.  The Parties agreed to attend mediation

Plaintiffs' Renewed Motion for Preliminary
Approval of Settlement - 2
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

prior to litigating the contested issues between them.  *Id.* ¶ 14.  Prior to the mediation, Plaintiffs'

Counsel informed Pushpay that it also represented W.B.T. Arnold with regard to his wage and

hour claims.  *Id.* ¶ 15.

The Parties exchanged information prior to mediation, drafted and exchanged mediation

statements, and the case was mediated by Teresa A. Wakeen on July 26, 2021.  *Id.* ¶¶ 15-17.  As

a result of arm's length and good faith negotiations during the mediation, and through continued

negotiations in the weeks following the mediation, the Parties reached a settlement in principle

and executed a binding term sheet on August 24, 2021, and executed the full Settlement

Agreement on November 2, 2021.  *Id.* ¶ 19.  As part of their settlement, the Parties agreed to

seek approval of the settlement before the District Court of the Western District of Washington.

*Id.* ¶ 20.

Plaintiffs filed their Complaint before this Court on November 16, 2021.  Plaintiffs also

filed their initial Motion for Preliminary Approval on November 16, 2021. ECF No. 3.  The

Court denied the Motion without prejudice to renewing the motion after the proposed Notice of

Settlement is revised.  ECF No. 15.  The Court also reminded the Parties to provide notices of

class action to the appropriate Federal and State officials, which the Defendant did on June 15,

2022. Simpson Decl. ¶¶ 2-4.  The Parties amended the Notice of Settlement, and now submit this

renewed Motion for Preliminary Approval.

## III.    SUMMARY OF SETTLEMENT TERMS

### A.    The Settlement Class and Class Period.

The Settlement Class consists of approximately 149 Settlement Class Members,

including Named Plaintiffs.  The Settlement Class is defined as "all Sales Development

Representatives working for Defendant during the time period between March 1, 2018 and June

1, 2020 and who are identified in the data Defendant produced to Plaintiffs' Counsel."  Ex. 1 to

Werman Decl., Settlement Agreement, § III.B.13.  This time period extends from the beginning

of the statute of limitations on Plaintiffs' overtime claims under state and federal law, taking into

account the Parties' tolling agreement, and the time period ends at the date Pushpay reclassified

Plaintiffs' Renewed Motion for Preliminary
Approval of Settlement - 3
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

its SDRs as non-exempt from the overtime requirements under the FLSA and Washington law.

**B.      The Gross Settlement Amount.**

Pushpay has agreed to pay a Gross Settlement Amount of $1,750,000 to resolve this case for Named Plaintiffs and the Settlement Class Members. Ex. 1 to Werman Decl., Settlement Agreement, § III.E.1. The Net Settlement Fund – the amount available to pay settlement awards to the Qualified Class Members – shall be the portion of the Gross Settlement Amount remaining after payment of Plaintiffs' attorneys' fees and litigation expenses, settlement administration expenses, and Named Plaintiffs' service awards. *Id.* at § III.B.5. The Settlement Provides for an award of $583,333 in attorneys' fees and up to $4,000 in litigation costs, an amount of $10,000 to each Named Plaintiff as a service award, and up to $9,039 to be paid to Analytics LLC for settlement administration costs. *Id.* at § III.E.2.

The Gross Settlement Amount is a negotiated amount that resulted from substantial arms' length negotiations and significant investigation and analysis by Plaintiffs' Counsel. *Id.* at § II.B. Plaintiffs' Counsel based their damages analysis and settlement negotiations on both formal and informal discovery, including payroll and policy documents, as well as interviews with Plaintiffs and eight other SDRs. Werman Decl. ¶ 16.

Plaintiffs' Counsel built a comprehensive damages model from the payroll data produced by Pushpay and the interviews, and applied formulas to determine the total potential damages for unpaid overtime, meal breaks, and rest periods. *Id.* The Gross Settlement Amount represents 100% of unpaid wages for 5.5 overtime hours of work each week, recovery of unpaid meal and rest breaks for 25% of the employees, and 40% of potential liquidated damages. *Id.* ¶ 21.

**C.      The Settlement Provides for Direct Payments to Settlement Class Members.**

Settlement Class Members are not required to submit a claim form to participate in the Settlement. Ex. 1 to Werman Decl., Settlement Agreement, § III.J.11. Settlement Class Members who do not opt out will automatically receive Settlement Payments once the Court grants final approval. *Id.* Settlement Class Members will have 120 days from the date the settlement checks are issued by the Settlement Administrator to cash their checks. *Id.*, § III.J.13.

Plaintiffs' Renewed Motion for Preliminary
Approval of Settlement - 4
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

**D.    Settlement Allocation.**

The Net Settlement Amount will be allocated amongst the Settlement Class Members based on their gross pay and the number of work weeks that they worked during the applicable class period; an assumption that Washington Settlement Class Members missed 25% of their Meal and Rest Breaks; and the application of 40% of their liquidated damages. *Id*., § III.F.2 (setting forth the specific allocation formula).

**E.    Limited Release of Claims for the Named Plaintiffs and Settlement Class Members.**

The releases in the Settlement Agreement are limited. Settlement Class Members who do not opt out will release Pushpay's current and former parent, subsidiaries, sister companies, and any other affiliated companies only from claims or causes of action they have for unpaid overtime wages and missed or non-compliant rest and meal breaks under federal, state, and local law while they worked for Pushpay as salaried exempt SDRs between March 1, 2018 and June 1, 2020. *Id*., § III.C.

**F.    Settlement Administration.**

The Parties have agreed to use Analytics LLC to administer the Settlement ("Settlement Administrator"). The Settlement Administrator estimates its total fees and costs will amount to $9,039. Ex. 1 to Werman Decl., Settlement Agreement, § III.E.2. The Settlement Administrator will distribute the Settlement Notice, will calculate all applicable payroll taxes, withholdings and deductions, and will prepare and issue all payments pursuant to the terms of the Settlement Agreement. *Id*. at §§ III.F.2; III.F.4; III.I.1.

**G.    Notice of Settlement.**

The Settlement Administrator will send Settlement Class Members a Notice of Settlement via U.S. Mail and email, if an email address is available for the Settlement Class Member. Ex. 1 to Werman Decl., Settlement Agreement, §§ III.B.6; III.I.1. The Notice will be mailed using the most current mailing address information, which the Settlement Administrator will obtain by running each Settlement Class Member's name and address through the National

Plaintiffs' Renewed Motion for Preliminary
Approval of Settlement - 5
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

Change of Address database or a comparable database. *Id*. at § III.J. 4. The Notice will define the Settlement Class and identify how the Settlement Payments to Settlement Class Members will be calculated. *Id*. at § III.B.6.

The Settlement Administrator will promptly conduct a second mailing for any Settlement Class Member: (a) whose notice is returned as undeliverable, provided that a forwarding address is provided by the U.S. Postal Service or is otherwise located by the Settlement Administrator through an Accurint or comparable database search; or (b) who, prior to the Objection/Exclusion Deadline, provides Class Counsel or the Settlement Administrator with an updated mailing address. *Id*. at § III.J.7.

The Notice of Settlement, as amended after the Court's May 26, 2022 Order, explains to recipients the distinction between the "opt out" requirements of the Rule 23 state law class and the "opt in" requirements of the FLSA collective. Ex. 2 to Werman Decl., Amended Settlement Notice, at §§ 4, 6.

**H.    Service Awards.**

The Settlement allows the Named Plaintiffs to apply for Service Awards in an amount of $10,000 each. *Id*. at §§ III.E.2; III.H. These awards are in addition to the pro rata Settlement Payments they will receive under the Settlement. *Id*. at § III.H. The Amended Notice of Settlement will advise Settlement Class Members about the request for Service Awards. Ex. 2 to Werman Decl., Amended Settlement Notice, at § 5.

**I.    Attorneys' Fees and Costs.**

Pursuant to the Settlement Agreement, Plaintiffs' Counsel will apply to the Court for a payment of Attorneys' fees and litigation expenses from the Gross Settlement Amount. *Id*. at §§ III.E.2; III.G. Under the Settlement, the total Attorneys' fees sought shall not exceed one-third of the Gross Settlement Amount, $583,333, and the litigation costs sought shall not exceed $4,000. *Id*. Defendant agrees not to object to or contest Plaintiffs' Counsel's request for Court approval of these amounts. *Id.,* § III.G. The Amended Notice of Settlement will advise Settlement Class Members about the request for Attorneys' fees and litigation costs. Ex. 2 to

Plaintiffs' Renewed Motion for Preliminary
Approval of Settlement - 6
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

Werman Decl., Settlement Notice, at § 5.

## IV.     THE COURT SHOULD GRANT PRELIMINARY APPROVAL

### A.     Settlement of Class Action Litigation is Favored.

Federal courts strongly favor and encourage settlements, particularly in class actions, where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain.  *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting "the strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"); *see also* 2 ALBA CONTE & HERBERT B. NEWBERG,  NEWBERG ON CLASS ACTIONS § 11.41 (3d ed. 1992) (collecting cases). The traditional means for handling wage claims like those at issue here—individual litigation— would unduly tax the court system, require a massive expenditure of public and private resources and, given the relatively small value of the claims of the individual Settlement Class Members, would be impracticable.  *See Arrendondo v. Delano Farms Co.*, No. 09 Civ. 1247, 2011 WL 1486612, at *17 (E.D. Cal. Apr. 19, 2011) ("Courts recognize that employer practices and policies with regard to wages and hours often have an impact on large numbers of workers in ways that are sufficiently similar to make class-based resolution appropriate and efficient."). The proposed Settlement, therefore, is the best vehicle for Settlement Class Members to receive the relief to which they are entitled in a prompt and efficient manner.

 There is a three-step procedure for approval of class action settlements:

(1)     Preliminary approval of the proposed settlement;

(2)     Dissemination of mailed and/or published notice of the settlement to all affected class members; and

(3)     A "formal fairness hearing" or final settlement approval hearing, at which class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

*Manual for Complex Lit.*, Fourth, § 21.632–34; *see also Chetwood v. T-Mobile USA, Inc.*, No. 19

Plaintiffs' Renewed Motion for Preliminary
Approval of Settlement - 7
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

Civ. 00458, 2021 WL 2206481, at *5 (W.D. Wash. June 1, 2021) (granting preliminary approval, approving proposed notice, and setting case for a hearing on final approval); *Gragg v. Orange CAB Co., Inc.*, No. 12 Civ. 0576, 2017 WL 785170, at *2 (W.D. Wash. Mar. 1, 2017) (same); *Ali v. Menzies Aviation, Inc.*, No. 16-CV-00262RSL, 2016 WL 4611542, at *4 (W.D. Wash. Sept. 6, 2016). This procedure, used by courts in this Circuit and endorsed by the leading class action treatise, safeguards the due process rights of absent class members and enables the Court to fulfill its role as the guardian of class interests. *See* 2 NEWBERG & CONTE, § 11.22, *et seq.*

The Parties request that the Court take the first step in the settlement approval process by granting preliminary approval of the proposed Settlement. The purpose of preliminary evaluation of proposed class action settlements is to determine whether the settlement is within the "range of reasonableness," and thus whether notice of the settlement's terms should be issued to the class and a formal fairness hearing scheduled. *Id*., § 11.25 at 11.36, 11.37. During the preliminary approval stage, the district court decides "whether the Settlement Agreement appears to be the product of serious, informed, non-collusive negotiations; has no obvious deficiencies; does not grant preferential treatment to class representatives, and falls within the range of possible approval." *Zuern v. IDS Prop. Cas. Ins. Co.*, No. 19 Civ. 6235, 2021 WL 735751, at *4 (W.D. Wash. Feb. 25, 2021). *Id*. at *5-6. If so, the court should grant preliminary approval of the settlement, authorize the parties to give notice of the proposed settlement to class members, and schedule a formal fairness hearing. *Id*. At the formal fairness hearing, class members may be heard and further evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

Here, the Settlement was the result of a mediated negotiation, was informed by extensive exchange of information, includes reasonable service awards to class representatives, and provides substantial value to Settlement Class Members. It meets the standard for preliminary approval, and accordingly notice should issue to Settlement Class Members.

## B.    The Court Should Conditionally Certify the Class.

Pursuant to Rule 23, a class may be certified if: (1) the class is so numerous that

Plaintiffs' Renewed Motion for Preliminary Approval of Settlement - 8
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

individual joinder is "impracticable"; (2) questions of law or fact are common to the class; (3) plaintiffs' claims are typical of the class's claims; and (4) the class representative is able to fairly and adequately protect class interests. Fed. R. Civ. P. 23(a)(1)-(4).

Furthermore, the action must qualify under one of the three subsections of Rule 23(b), that: (1) separate lawsuits would create the risk of inconsistent judgments or would be dispositive of the interests of nonparty class members; or (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or (3) questions of law or fact common to the class predominate over questions affecting individual members, and the class action is superior to other available methods. Fed. R. Civ. P. 23(b)(1) - (3).

The claims raised in this matter meet each of the statutory requirements for class treatment.

### 1.    Certification Will be Appropriate Under Rule 23(a)

#### a.    The Numerosity Requirement is Met.

Rule 23(a)(1) requires a class large enough that the joinder of all members would be "impracticable." Courts analyze this requirement "[m]indful of the principle that joinder need not be impossible but only impracticable." *McCluskey v. Trustees of Red Dot Corp. Emp. Stock Ownership Plan & Tr.*, 268 F.R.D. 670, 675 (W.D. Wash. 2010). To determine whether joinder is impracticable, courts must consider the circumstances unique to each case, though in general "courts find the numerosity requirement satisfied when a class includes at least 40 members." *Mendis v. Schneider Nat'l Carriers, Inc.*, No. 15 Civ. 0144, 2017 WL 497600, at *2 (W.D. Wash. Feb. 7, 2017).

In this case, that threshold requirement is easily met. The Settlement Class consists of approximately 149 current and former Pushpay SDRs. Werman Decl. ¶ 23.

#### b.    The Settlement Class Meets the Commonality Requirement.

For a class to be certified, questions of law or fact must exist common to the class. Fed.

Plaintiffs' Renewed Motion for Preliminary
Approval of Settlement - 9
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

R. Civ. P. 23(a)(2).  The commonality requirement depends on a common allegation that is capable of class-wide resolution, thus allowing the truth of an issue central to the claim to be determined "in one stroke." *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011); *see also Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1165 (9th Cir. 2014).  Commonality does not demand that each class member have an identical claim.  *Jimenez*, 765 F.3d at 1168.  Rather, as long as plaintiffs were harmed by the "same conduct" any "disparities in how or by how much they were harmed [do] not defeat class certification." *Id*.

Commonality is satisfied here. The common questions raised by the Washington state law allegations in this case include: (1) what is the primary job duty performed by SDRs; (2) did SDRs' primary job duty involve the exercise of discretion and independent judgment on matters of significance; (3) whether Defendant had a policy of misclassifying employees in the SDR position as exempt from the overtime provisions of Washington state law and (4) whether Defendant had a policy of requiring work through meal and rest breaks.  Werman Decl. ¶ 27. These common questions are sufficient to meet the Rule 23(a) commonality requirement.  *See Jimenez,* 765 F.3d at 1166 (affirming district court's determination that defendant's overtime compensation policies were the common "glue" necessary to meet commonality requirement).

### c.    The Settlement Class Meets the Typicality Requirement.

The Rule 23(a)(3) requirement of typicality is met here as well.  "[T]he commonality and typicality requirements of Rule 23(a) tend to merge." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).  The typicality requirement "ensures that the interests of the class representative align with the interests of the class." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017).  The class representatives' "claims need not be identical to those of the absent class members, but they must be reasonably similar in light of the injuries suffered and the conduct that allegedly caused the injuries." *Bolding v. Banner Bank*, No. 17 Civ. 0601, 2018 WL 4908260, at *4 (W.D. Wash. Oct. 10, 2018).

Here, the Named Plaintiffs' claims arise from the same alleged factual and legal circumstances—Defendant's alleged misclassification policy and the denial of overtime pay—

Plaintiffs' Renewed Motion for Preliminary
Approval of Settlement - 10
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

that form the bases of the Rule 23 claims asserted on behalf of the Settlement Class Members. These allegations therefore meet the typicality requirement. *See, e.g., Rodriguez v. Danell Custom Harvesting, LLC*, 293 F. Supp. 3d 1117, 1127 (E.D. Cal. 2018) ("the named plaintiffs' claims are typical to the claims of the purported class members because they were subjected to the same failure to pay overtime and receive meal and rest breaks.").

### d.  Adequacy of Representation is Satisfied.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In the Ninth Circuit, "the adequacy determination usually focuses on two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Bolding v. Banner Bank*, No. 17 Civ. 0601, 2018 WL 4908260, at *4 (W.D. Wash. Oct. 10, 2018) (quoting *Evon v. Law Offices of Sidney Mickell,* 688 F.3d 1015, 1031 (9th Cir. 2012)).

Adequacy is satisfied when the class representatives lack any conflicts of interests with the class members. *Id.* Here, there is no evidence that the Named Plaintiffs have interests that are antagonistic to Settlement Class Members. Like all other Settlement Class Members, the Named Plaintiffs worked for Defendant as SDRs and were not paid overtime. The Named Plaintiffs and Settlement Class Members allegedly suffered the same alleged overtime violation—misclassification—and thus have sufficient interest in the outcome of the case.

Furthermore, Plaintiffs' Counsel are experienced class action attorneys and have acted as representative counsel in numerous actions in federal and state courts. Werman Decl. ¶¶ 4-11; *Knox v. Jones Grp.*, No. 15 Civ. 1738, 2017 WL 3834929, at *5 (S.D. Ind. Aug. 31, 2017) (describing Werman Salas P.C. "as national leaders in advocating the rights of working people in wage and hour litigation."); Crotty Decl. ¶¶ 4-6.

### 2.  Certification is Appropriate Under Rule 23(b).

### a.  Common Questions Predominate.

Certification is appropriate under Rule 23(b)(3) where "questions of law or fact common

Plaintiffs' Renewed Motion for Preliminary
Approval of Settlement - 11
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

to the members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Class-wide adjudication is appropriate here. Common questions of law and fact predominate because the Settlement Class is limited to employees who worked for Pushpay in the SDR job position and who were subject to the same systemized practice and standardized conduct that is alleged to have violated Washington state law. *Jimenez*, 765 F.3d at 1167.

Further, the class action mechanism is a superior method of adjudication compared to a multitude of individual suits. To determine whether the class approach is superior, courts are to consider: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D).

Here, the Settlement Class Members do not have a strong interest in controlling their individual claims. The action involves over 100 workers with very similar, but relatively small, claims for monetary injury. Werman Decl. ¶ 23. If the Settlement Class Members proceeded on their claims as individuals, their many individual suits would require duplicative discovery and duplicative litigation, and would unnecessarily burden the Parties and Court's resources. *Id*. ¶ 24. The class action mechanism would efficiently resolve numerous substantially identical claims at the same time while avoiding a waste of resources and eliminating the possibility of conflicting decisions from repetitious litigation and arbitrations.

In addition, the fact that the Parties are asking to certify the class for settlement purposes weighs in favor of finding that the predominance elements are satisfied. *Amchem Prods. Inc. v. Windsor,* 521 U.S. 591, 619-20 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no

Plaintiffs' Renewed Motion for Preliminary
Approval of Settlement - 12
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

trial."). Any manageability or predominance concerns relating to individual proceedings and defenses are satisfied by the settlement and its claims resolution process. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 563 (9th Cir. 2019) ("In settlement cases, such as the one at hand, the district court need not consider trial manageability issues").

### b.    A Class Action is a Superior Mechanism.

The element of superiority is met because the proposed Class is the most efficient way to resolve the claims of the Named Plaintiffs and Settlement Class Members. *Mendis v. Schneider Nat'l Carriers, Inc.*, No. 15 Civ. 0144, 2017 WL 497600, at *7 (W.D. Wash. Feb. 7, 2017) ("Classwide resolution of the common issues is superior to filing multiple and duplicative lawsuits which may yield different results.").

The Parties will be allowed to resolve the claims of 149 persons in one coordinated proceeding, thus conferring significant benefits upon each Settlement Class Member. Defendant will also benefit by being spared the expense and potential inconsistency of scores of individual lawsuits.

### C.    The Settlement Warrants Preliminary Approval Because It Is Fair, Reasonable, and Adequate.

Federal Rule of Civil Procedure 23(e)(2) requires court approval of any settlement that affects the dismissal of a class action. At the preliminary approval stage, courts review class action settlements to determine whether notice is justified by a showing that the court will likely be able to approve the settlement under Rule 23(e)(2) and certify the class for settlement purposes. Fed. R. Civ. P. 23(e)(1)(B).

In determining whether to finally approve a settlement, Rule 23(e)(2) directs the court to consider whether the settlement is fair, adequate, and reasonable in light of whether: (1) the class representatives and class counsel adequately represented the class; (2) the proposal was negotiated at arms' length; (3) the relief provided to the class is adequate; and (4) the proposal treats class members equitably relative to each other.

The factors identified under the Federal Rules are similar to those the Ninth Circuit has

Plaintiffs' Renewed Motion for Preliminary
Approval of Settlement - 13
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

long applied in analyzing class action settlements: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Churchill Village, LLC. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (citing *Hanlon*, 150 F.3d at 1026. These factors are determined with a presumption of fairness "if the settlement is recommended by class counsel after arm's-length bargaining." *Wren v. RGIS Inventory Specialists*, No. 06 Civ. 05778, 2011 WL 1230826, at *6 (N.D. Cal. Apr. 1, 2011). Applying either the Rule 23 preliminary approval factors, or the *Churchill* factors, preliminary approval is warranted.

### 1.    The Settlement was Negotiated at Arms' Length – Rule 23(e)(2)(B) after Extensive Informal Discovery.

Courts routinely presume a settlement is fair where it is reached through arm's-length bargaining. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998); *Deaver v. Compass Bank*, No. 13 Civ. 00222, 2015 WL 8526982, at *9 (N.D. Cal. Dec. 11, 2015) (finding no evidence of collusion where "the parties engaged in settlement talks overseen by a neutral mediator before agreeing on this settlement"); *Satchell v. Fed. Exp. Corp.*, No. 03 Civ. 2659 SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr.13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."). Further, where counsel are well-qualified to represent the proposed class and collective in a settlement based on their extensive class and collective action experience and familiarity with the strengths and weaknesses of the action, courts find this factor to support a finding of fairness. *Wren v. RGIS Inventory Specialists*, No. 06 Civ. 05778, 2011 WL 1230826, at *10 (N.D. Cal. Apr. 1, 2011); *Carter v. Anderson Merchandisers, LP*, No. 08 Civ. 0025, 2010, WL 1946784, at *8 (C.D. Cal. May 11, 2010) ("Counsel's opinion is accorded considerable weight.").

This Settlement was the result of arm's length negotiations between counsel. The Parties

Plaintiffs' Renewed Motion for Preliminary
Approval of Settlement - 14
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

attended a full-day mediation session with an experienced class and collective action mediator, Teresa Wakeen. Werman Decl. ¶ 17. The Parties then spent several months continuing settlement negotiations, negotiating the material terms of the Settlement, with several rounds of revisions and proposals related to the terms and details of the Settlement. *Id.* ¶ 18. Further, Plaintiffs are represented by experienced and respected litigators of representative wage and hour actions, and these attorneys feel strongly that the proposed Settlement achieves an excellent result for the Settlement Class Members. *Supra* IV.B.1.d. Mediation only occurred after the parties engaged in substantial informal discovery. *See Supra* II.B.

### 2. The Settlement Provides Fair, Reasonable, and Adequate Relief to the Class – Rule 23(e)(2)(C).

In assessing whether a settlement is adequate, the court is not required "to reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Bell v. Consumer Cellular, Inc.*, No. 15 Civ. 941, 2017 WL 2672073, at *4 (D. Or. June 21, 2017) (*quoting Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982)).

Here, Defendant has agreed to pay a substantial sum to Settlement Class Members given the risks associated with continued litigation. The Gross Settlement Amount represents 100% of the overtime wages owed to all Settlement Class Members if they worked 45.5 hours in each week they worked for Defendant as a SDR during their applicable Release Period. Werman Decl. ¶ 21. Even *after* the payment of Plaintiffs' Counsel's fees, litigation expenses, service payments to the Named Plaintiffs, and the costs of settlement administration, the Settlement Class Members are receiving 91% of the estimated overtime wages owed if they worked 45.5 hours in each week they worked during the applicable Release Period and missed Meal and Rest Breaks. *Id.* The largest settlement payment is estimated to be more than approximately $41,800, with the average net settlement payment to Settlement Class Members being approximately $7,800. *Id.* ¶ 22. This is an excellent result given that Defendant denies that SDRs were unlawfully denied

Plaintiffs' Renewed Motion for Preliminary
Approval of Settlement - 15
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

overtime wages and vigorously disputes that SDRs regularly worked over 40 hours each week.

Courts routinely approve settlements that provide a fraction of the maximum potential recovery. *See, e.g., Leverage v. Traeger Pellet Grills, LLC*, No. 16 Civ. 00784, 2017 WL 2797811, at *7 (N.D. Cal. June 28, 2017) (approving wage and hour settlement representing 12% of total value); *Viceral v. Mistras Grp., Inc*., No. 15 Civ. 2198, 2016 WL 5907869, at *7 (N.D. Cal. Oct. 11, 2016) (approving wage and hour settlement which represented 8.1% of the total value). The excellent result for the Settlement Class Members supports preliminary approval.

### 3.    The Costs, Risks, and Delay of Trial and Appeal Weigh in Favor of the Settlement.

Absent settlement, the Parties would have engaged in extensive written and oral discovery relating to class certification, liability, and damages. Motion practice would have included briefing on collective and class certification, as well as dispositive motions. Even if the Named Plaintiffs were successful in getting a collective certified, Pushpay would have had the opportunity to move for decertification prior to trial. Werman Decl. ¶ 25. The Settlement provides class-wide resolution while avoiding the risks and increased expenses associated with continued litigation, including potential appeals. *See Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 446 (E.D. Cal. 2013) (noting settlement "provides Class Members with another significant benefit that they would not receive if the case proceeded—certain and prompt relief.").

### 4.    The Effectiveness of the Proposed Method of Distributing Relief to Settlement Class Members.

The Settlement Administrator will send Notice of the Settlement to the Settlement Class Members via U.S. Mail and email, where an email address is available. Ex. 1 to Werman Decl., Settlement Agreement, §§ III.J.4; III.J.5. Notices that are returned to the Settlement Administrator will be re-mailed, provided an updated address for the Settlement Class Member is provided by the U.S. Postal Service or can be located by the Settlement Administrator prior to the Objection/Exclusion Deadline. *Id*. § III.J.7. Settlement Class Members shall not be required to submit a claim form to participate in the Settlement. *Id*. § III.J.11. Settlement Class Members

Plaintiffs' Renewed Motion for Preliminary
Approval of Settlement - 16
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

who do not exclude themselves will be mailed checks following final approval of the Settlement without the need to take any additional action.  *Id.*  The robust Notice program and direct distribution of Settlement Payments to Settlement Class Members supports preliminary approval of the Settlement.

### 5.    Any Agreement Required to be Identified Under Rule 23(e)(3).

The Parties have filed the Collective and Class Action Settlement Agreement.  There are no other agreements regarding the Settlement Class or Attorneys' fees related to this Settlement.

### 6.    The Settlement Treats Settlement Class Members Equitably Relative to Each Other – Rule 23(e)(2)(D).

Settlement Class Members are treated equitably relative to each other.  Each Settlement Class Member's damages are calculated using the same number of alleged overtime hours worked per week.  Ex. 1 to Werman Decl., Settlement Agreement, § III.F.2.  And Settlement Class Members' awards are calculated on a *pro rata* basis based on the number of applicable work weeks they worked, per the data produced by Defendant.  Thus, this factor favors preliminary approval of the Settlement.

### D.    The Settlement Meets the Standard for Approval Under the FLSA.

The Ninth Circuit has not set out criteria a district court must consider when determining whether an FLSA settlement warrants approval.  *See, e.g., Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13 Civ.  05456, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016) ("The Ninth Circuit has not established the criteria that a district court must consider in determining whether an FLSA settlement warrants approval."); *Otey v. CrowdFlower, Inc.*, No. 12 Civ. 05524, 2015 WL 153266, at *3 (N.D. Cal. Oct. 16, 2015).  The general practice in the absence of specific guidance is to consider whether the named plaintiff is "similarly situated" to the putative collective members within the meaning of 29 U.S.C. § 216(b), and then evaluate the settlement under the standard established by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), which requires the settlement to constitute "a fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Otey*, 2015 WL

Plaintiffs' Renewed Motion for Preliminary
Approval of Settlement - 17
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

6091741, at *4.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues . . . that are actually in dispute," the district court may "approve the settlement in order to promote the policy of encouraging settlement of litigation."  *Lynn's Food Stores*, 679 F.2d at 1354.  Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement.  *Id.* at 1353–54.  If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved.  *Id.* at 1354.

For the reasons explained above, the Settlement easily meets this standard and the FLSA release should be approved for the Settlement Class Members who negotiate their settlement checks under the limited endorsement.  *See e.g., Chetwood v. T-Mobile USA, Inc.*, No. 19 Civ. 00458, 2021 WL 2206481, at *4 (W.D. Wash. June 1, 2021) (preliminarily approving settlement where class members were informed "if they cash their Individual Settlement Award check, they will thereby opt into the FLSA Settlement Collective and release the FLSA claims."); *Maciel v. Bar 20 Dairy, LLC*, No. 17 Civ. 00902, 2021 WL 1813177, at *1 (E.D. Cal. May 6, 2021) (granting final approval where "Only Class Members who cash their FLSA Settlement Checks will release their FLSA Claims."); *Leverage v. Traeger Pellet Grills, LLC*, No. 16 Civ. 00784, 2017 WL 6405619, at *3 (N.D. Cal. Dec. 15, 2017) (final approval of settlement where "Cashing the settlement check will be deemed an opt-in for purposes of settling and releasing FLSA claims."); *Aguirre v. DirecTV, LLC*, Case No. 16 Civ. 06836, 2017 WL 6888493, at *14 (C.D. Cal. Oct. 6, 2017) (preliminarily approving settlement in which "the FLSA settlement requires Class Members to opt-in and those claims are only released when a Class Member cashes their check for the FLSA Settlement Payment").

### E.    The Requested Attorneys' Fees and Costs are Reasonable.

Plaintiffs will submit a fee motion in connection with the final approval papers, in which Plaintiffs' Counsel will request one-third of the Gross Settlement Amount, or $583,333, plus reimbursement of costs up to $4,000.

"In cases where recovery is uncertain, an award of one third of the common fund as

Plaintiffs' Renewed Motion for Preliminary
Approval of Settlement - 18
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

attorneys' fees has been found to be appropriate." *Demmings v. KKW Trucking, Inc.,* No. 14 Civ. 0494, 2018 WL 4495461, at *15 (D. Or. Sept. 19, 2018); *see also Franco v. Ruiz Food Prods.*, No. 10 Civ. 02354, 2012 WL 5941801 (E.D. Cal. Nov. 27, 2012) (noting the legal and factual hurdles in a wage and hour action justified 33 percent of the class recovery as a reasonable fee award); Ex. 3 (*Etcheverry v. Franciscan Health Systems*) (recent decision awarding one third of the gross settlement fund for attorneys fees). When considering the risks posed in litigation, the court looks at "… two factors: (1) the legal and factual merits of the claim, and (2) the difficulty of establishing those merits." *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992). The "risk of costly litigation and trial is an important factor in determining the fee award." *Rosales v. El Rancho Farms*, No. 09 Civ. 00707, 2015 WL 4460635, at *1 (E.D. Cal. July 21, 2015), *report and recommendation adopted*, 2015 WL 13659310 (E.D. Cal. Oct. 2, 2015).

Here, Plaintiffs faced risks in litigating this hybrid class/collective case, and achieved excellent results for other SDRs after thorough investigation, extensive analysis, and a mediated resolution. Werman Decl. ¶¶ 16-19. Plaintiffs' Counsel took on the risks with this case on a contingency fee basis, facing the risk of no recovery. *Id.* ¶ 26. Awarding Plaintiffs' Counsel one-third of the Gross Settlement Amount only encourages attorneys to take on meritorious cases to enforce public interest policies, and the award does not result in any windfall. *See* Posner, *Economic Analysis of the Law*, 534, 567 (4th ed. 1992) ("A contingent fee must be higher than a fee for the same legal services paid as they are performed . . . because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans").

For these reasons, Plaintiffs' Counsel submits that one-third recovery for fees is reasonable, as well as reimbursement of litigation costs. Plaintiffs' fees and costs award should be preliminarily approved.

### F. The Class Representative Service Awards are Reasonable.

Named plaintiffs in class action litigation are eligible for reasonable service awards. *See*

Plaintiffs' Renewed Motion for Preliminary
Approval of Settlement - 19
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

*Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). Named Plaintiffs' Service Awards of up to $10,000 each are intended to compensate the Named Plaintiffs for the critical role they played in this case, and the time, effort, and risks undertaken in helping secure the result obtained on behalf of the Class Members.

In agreeing to serve as Class and Collective Representatives, Plaintiffs accept the duty to vigorously prosecute the action on behalf of all Class Members. *Id*. at 957. Pushpay does not oppose the requested payment to Plaintiffs as reasonable service awards. Ex. 1 to Werman Decl., Settlement Agreement, ¶ III.H. Moreover, the Service Awards are fair when compared to the payments approved in similar cases. *See, e.g.*, *Rausch v. Hartford Fin. Servs. Grp.*, No. 01 Civ. 1529, 2007 WL 671334, at *3 (D. Or. Feb. 26, 2007) (finding incentive award of $10,000 reasonable when awards to unnamed class members were as little as $150); *May v. Wynn Las Vegas, LLC*, No. 15 Civ. 02142, 2021 WL 244929, at *2 (D. Nev. Jan. 25, 2021) (approving class service awards of $15,000 for each of three class representatives); *Soto, et al. v. O.C. Communications, Inc., et al.*, No. 17 Civ. 00251, ECF 304 (N.D. Cal. Oct. 23, 2019) (approving $15,000 and $10,000 service awards in hybrid FLSA/Rule 23 settlement).

### G.    The Parties' Proposed Settlement Notice Program.

The notice protocol identified in the Settlement Agreement provides proper notice of the Settlement to Settlement Class Members. Rule 23(e)(1)(B) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by [a proposed settlement]." Many of the same considerations govern both certification and settlement notices. To protect the rights of absent class members, a court must require the best notice practicable. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985).

The Notice summarizes the key terms of the Settlement, informs Settlement Class Members of their estimated recovery, explains the option for Settlement Class Members to exclude themselves from or object to the Settlement, informs Settlement Class Members of ways to obtain additional information regarding the Settlement, and notifies them of the date, time, and location of the Final Approval Hearing. *See* Ex. 2 to Werman Decl. The Amended Notice of

Plaintiffs' Renewed Motion for Preliminary
Approval of Settlement - 20
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

Settlement also explains distinctions between how claims are released Rule 23 and under the FLSA. *Id.* at §§ 4, 6  The Notice will be mailed by U.S. Mail to all Settlement Class Members, with procedures in place to obtain updated addresses, and it also will be delivered by email if an email address is available.  Ex. 1 to Werman Decl., Settlement Agreement, §§ III.J.4; III.J.5. The Parties' proposed notice procedure meets the requirements of Rule 23, and the Named Plaintiffs request that the Court approve the Notice form and protocol.

### H.    The Parties' Proposed Schedule is Reasonable.

The Settlement Agreement contains the following proposed schedule, which Plaintiffs respectfully request this Court approve:

| | |
|---|---|
| Date of preliminary approval of the Settlement Class and approval of the Settlement as to the Collective | To be determined by the Court. |
| Deadline for Pushpay to provide the Settlement Administrator with the Class List | 10 days after Plaintiffs file their motion for preliminary approval. |
| Deadline for the Settlement Administrator to mail and email Amended Notice of Settlement to Class Members | 10 days after the Court grants preliminary approval of the Settlement. |
| Deadline for Settlement Class Members to postmark requests to opt out or file objections to the Settlement | 45 days after the Settlement Administrator mails and emails the Amended Notice of Settlement. |
| Deadline for filing Final Approval Motion | 14 days before the objection deadline. |
| Deadline for the parties to submit any responses to any objections | 14 days after the objection deadline. |
| Final Approval Hearing | To be determined by the Court. |

## V.    CONCLUSION

For the foregoing reasons, the Named Plaintiffs request that the Court: (1) grant preliminary approval of the proposed Settlement Agreement; (2) certify the proposed FLSA collective; (3) conditionally certify a Rule 23 Washington state law class for settlement purposes; (4) appoint Plaintiffs' Counsel as Class Counsel; (5) appoint Analytics LLC as the Settlement Administrator; (6) approve the proposed Court-Authorized Amended Notice of Settlement; and

Plaintiffs' Renewed Motion for Preliminary
Approval of Settlement - 21
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

(7) set a date for the Final Approval Hearing.  Defendant does not oppose this motion.

Dated:  June 24, 2022                      Respectfully submitted,

                                           /s/ Matthew Crotty
                                           One of Plaintiffs' Attorneys

                                           MATTHEW CROTTY, WSBA 39284
                                           matt@crottyandson.com
                                           Crotty & Son Law Firm, PLLC
                                           905 W. Riverside Ave. Ste. 404
                                           Spokane, WA 99201
                                           (509) 850-7011

                                           DOUGLAS M. WERMAN*
                                           dwerman@flsalaw.com
                                           Michael M. Tresnowski*
                                           mtresnowski@flsalaw.com
                                           Werman Salas P.C.
                                           77 West Washington St, Suite 1402
                                           Chicago, Illinois 60602
                                           (312) 419-1008

                                           SALLY J. ABRAHAMSON*
                                           sabrahamson@flsalaw.com
                                           Werman Salas P.C.
                                           335 18th Pl. NE
                                           Washington, D.C. 20002
                                           (202) 830-2016


                                           *Admitted Pro Hac Vice

                                           **Attorneys for Plaintiffs and the Class**

Plaintiffs' Renewed Motion for Preliminary
Approval of Settlement - 22
No. 2:21CV01549

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011