UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AUDRA BLANKERS and W.B.T. ARNOLD, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PUSHPAY USA, Inc.,<br><br>Defendant. | CASE NO. 2:21-cv-01549-JHC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' Renewed Unopposed Motion for Preliminary Approval of Class and Collective Settlement.  Dkt. # 16.  The Court has considered the motion and the Parties' Settlement Agreement ("Agreement"), which sets forth the terms and conditions for a proposed settlement of the Action.  Dkt. # 17–1.  Being fully advised, the Court orders as follows:

1. Based on the record, the Court tentatively finds, under Federal Rule of Civil Procedure 23(e), that the Agreement is fair, reasonable, and adequate.  The Court finds that: (a) the Agreement resulted from extensive arm's length negotiations; (b) there is no evidence at this stage of the proceedings of fraud, collusion, or overreaching or that the rights of any absent Class Member were disregarded; and (c) counsel has sufficient experience in similar litigation to

ORDER - 1

propose the Agreement. The Court's preliminary approval is subject to change pending the outcome of the final settlement approval hearing ("Fairness Hearing") established herein.

2. The Court preliminarily finds that the prerequisites for a class action under Rule 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class Members; and (d) the Class Representatives will fairly and adequately represent the interests of the Settlement Class Members.

The Court also preliminarily finds the prerequisites for class certification under Rule 23(b)(3) have been satisfied in that: (i) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Accordingly, the Court grants the Parties' request for certification of the following settlement Class for the sole and limited purpose of implementing the terms of the Settlement Agreement, subject to this Court's final approval: "All Sales Development Representatives working for Defendant during the time period between March 1, 2018 and June 1, 2020 and who are identified in the data Defendant produced to Plaintiffs' Counsel." Dkt. # 17–1.

3. The Court also conditionally certifies the FLSA collective because pleadings and declarations support the finding that the named Plaintiffs are "similarly situated" to members of the class. 29 U.S.C. § 216(b).

4. The Court preliminarily appoints Plaintiff's counsel, Werman Salas P.C. and Crotty & Son Law Firm, PLLC as Class Counsel.

5. The Court confirms Analytics LLC as the Settlement Administrator.

ORDER - 2

6. Except for revisions incorporated into the notice language below, the Court finds that the proposed Class Notice, attached to the Werman Declaration as Exhibit 2, meets the requirements of Federal Rule of Civil Procedure 23, due process, and applicable law in that it fairly and adequately describes the terms of the Agreement, including the attorney fees and costs sought by Class Counsel and Named Plaintiffs' ability to seek Incentive Awards; gives notice of the time and place of the Fairness Hearing; and describes how a Class Member may comment on, object to, or support the Agreement. The Court approves the procedure for Class Members to opt out of, and to object to, the Settlement as set forth in the Settlement Agreement and the Class Notice.

7. The Court directs the mailing and e-mailing of the Class Notice to the Class Members in accordance with the schedule set forth below. The Court finds the dates selected for the mailing and distribution of the Notice, as set forth below, meet the requirements of due process and provide the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

8. Within 10 calendar days of Plaintiffs' motion, the Defendant shall provide class data to the Settlement Administrator. Dkt. # 17–1 at 9.

9. Within 10 calendar days of this Order, the Settlement Administrator shall mail and e-mail the Notice to Class Members. Dkt. # 17–1 at 10.

10. Class Members will have 45 calendar days after the Notice mailing/e-mailing date (the "Objection/Opt-out Deadline") to submit a written request for exclusion or a written statement objecting to the Settlement. Dkt. # 17–1 at 10–11. The 45-day deadline shall be the postmark deadline for mailed objections. Class Members will also have an opportunity to object to the motion for attorney fees, litigation costs, and incentive awards described below.

ORDER - 3

11. A Fairness Hearing to consider whether the proposed Agreement is fair, reasonable, and adequate and should be finally approved is scheduled for **October 21, 2022, at 9:00 a.m.** at the United States Courthouse, 700 Stewart Street, Suite 14106/Courtroom 14A, Seattle, WA 98101.

12. Class Counsel shall file any motion for an award of attorney fees or reimbursement of expenses or costs and any motion for an Incentive Award on behalf of a Named Plaintiffs no later than **August 15, 2022.** Class counsel shall mail the motion to all Class Members **within three calendar days** of its filing with the Court.

13. A Motion for Final Approval of the Agreement, together with any supporting declarations or other documentation, must be filed no later than **14 days after the Objection/Opt-out deadline.** Class Counsel shall also mail the Motion for Final Approval to all Class Members who object to the Agreement or indicate that they intend to appear at the Fairness Hearing.

14. The deadline for the parties to submit any responses to objections will be **14 days after the Objection/Opt-out deadline**.

15. Pending final determination of whether the Agreement should be approved, (a) all proceedings in this Action unrelated to the Agreement shall be stayed, and (b) neither Named Plaintiffs nor any Class Member, either directly, representatively, derivatively, or in any other capacity, shall commence or prosecute against any of the Releasees any action or proceeding in any court or tribunal asserting any of the Class Released Claims.

16. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to Class Members, and it retains jurisdiction to consider all further applications arising out of or connected with the Agreement. The Court may approve the Agreement, with

ORDER - 4

such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

The Court further ORDERS that the parties to submit, within two (2) court days of this order, a revised Notice that includes the following language under Section 7:

> Class counsel may apply for attorney fees of up to $583,333.00 and litigation costs of up to $4,000.00 under the Settlement. Named Plaintiffs may apply for incentive awards of up to $10,000.00 under the settlement. The motion requesting fees, costs, and incentive awards will be filed with this Court by August 15, 2022 and then mailed to you directly on or before August 18, 2022. You are permitted to review, object to, support, or comment on any request for attorney fees, litigation costs, and incentive awards, in addition to objecting to the proposed settlement agreement, by **[Objection/Opt-out Deadline].**

After the Court approves the revised Notice, it may be mailed to Class Members in compliance with the schedule set forth above.

Lastly, the Court ORDERS the parties to file proof of service of the notice of proposed settlement upon the Attorney General of the United States, *see* 28 U.S.C. § 1715(a)(1)(A) (in non-banking cases, the "appropriate Federal official" means "the Attorney General of the United States"), or show cause as to why the notice could not or need not be served.

It is so ORDERED this 19th day of July, 2022.

John H. Chun
United States District Judge

ORDER - 5