**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

AUDRA BLANKERS and W.B.T. ARNOLD, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

PUSHPAY USA, Inc.,

Defendant.

No. 2:21-cv-01549-JHC

**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE SETTLEMENT**

**Noticed for Hearing: October 21, 2022 at 9:00 a.m.**

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

## **TABLE OF CONTENTS**

I.      Introduction ............................................................................................ 1

II.     Factual and Procedural Background ...................................................... 1

        A.      Factual Allegations.................................................................... 1

        B.      Overview of Investigation and Settlement Negotiations................. 2

III.    The Court's Preliminary Approval Order and Settlement Administration......................... 4

        A.      The Settlement Class.................................................................. 4

        B.      Administration of the Settlement Notice....................................... 4

        C.      Objections and Exclusions ......................................................... 5

        D.      Settlement Payments ................................................................. 5

IV.     Summary of Settlement Terms .............................................................. 6

        A.      The Settlement Class and Class Period ........................................ 6

        B.      The Gross Settlement Amount .................................................... 6

        C.      The Settlement Provides for Direct Payments to Settlement Class Members ...... 7

        D.      Settlement Allocation ................................................................ 7

        E.      Limited Release of Claims for the Named Plaintiffs and Settlement Class
                Members.................................................................................... 7

        F.      Attorneys' Fees and Costs and Plaintiffs' Service Awards................. 7

        G.      The Settlement Administrator ..................................................... 8

V.      The Court Should Grant Final Approval ................................................ 8

        A.      The Court Concluded the Requirements of Rule 23(a) and Rule 23(b)(3)
                Are Met for the Class ................................................................. 9

        B.      The Judicially-Approved Notice Program was Successful ................ 9

        C.      The Settlement is Procedurally and Substantively Fair, Reasonable, and
                Adequate .................................................................................. 10

                1.      The Class Representatives and Class Counsel Adequately
                        Represented the Class - Rule 23(e)(2)(A)................................ 11

                2.      The Proposal Was Negotiated at Arm's Length - Rule 23(e)(2)(B)......... 11

Plaintiffs' Motion for Final Approval of
Settlement - ii
No. 2:21-cv-01549-JHC

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

3.   The Relief Provided to Class Members is Outstanding - Rule 23(e)(2)(C) .................................................................................... 12

4.   The Proposal Treats Class Members Equally - Rule 23(e)(2)(D)............. 13

5.   The Additional Ninth Circuit Factors Support Approval ........................ 14

D.   The Settlement Meets the Standard for Approval Under the FLSA ................... 15

E.   The Requested Attorneys' Fees and Costs are Reasonable, as well as the Service Awards ................................................................................. 16

F.   The Parties' Proposed Schedule is Reasonable ................................................. 16

VI.   Conclusion   ................................................................................................................. 17

Plaintiffs' Motion for Final Approval of
Settlement - iii
No. 2:21-cv-01549-JHC

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Aguirre v. DirecTV, LLC*,
    16 Civ. 06836, 2017 WL 6888493 (C.D. Cal. Oct. 6, 2017)................................................... 16

*Amchem Prod., Inc. v. Windsor*,
    521 U.S. 591 (1997)............................................................................................................... 11

*Barbosa v. Cargill Meat Sols. Corp.*,
    297 F.R.D. 431 (E.D. Cal. 2013) ........................................................................................... 14

*Bell v. Consumer Cellular, Inc.*,
    No. 15 Civ. 941, 2017 WL 2672073 (D. Or. June 21, 2017) ................................................ 12

*Carter v. Anderson Merchandisers, LP*,
    No. 08 Civ. 0025, 2010, WL 1946784 (C.D. Cal. May 11, 2010) ......................................... 12

*Chetwood v. T-Mobile USA, Inc.*,
    No. 19 Civ. 00458, 2021 WL 2206481 (W.D. Wash. June 1, 2021)...................................... 15

*Deaver v. Compass Bank*
    No. 13 Civ. 00222, 2015 WL 8526982 (N.D. Cal. Dec. 11, 2015) ....................... 11, 12, 14, 16

*Dunn v. Teachers Ins. & Annuity Ass'n of Am.*,
    No. 13 Civ. 05456, 2016 WL 153266 (N.D. Cal. Jan. 13, 2016) .......................................... 15

*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156 (1974)................................................................................................................. 9

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ............................................................................................... 11

*Hudson v. Libre Tech. Inc.*,
    No. 18 Civ. 1371, 2020 WL 2467060 (S.D. Cal. May 13, 2020)........................................... 11

*Jackson v. King Cnty.*,
    No. 21 Civ. 00995, 2022 WL 168524 (W.D. Wash. Jan. 18, 2022)...................................... 11

*Knox v. Jones Grp.*,
    No. 15 Civ. 1738, 2017 WL 3834929 (S.D. Ind. Aug. 31, 2017)........................................... 11

*Leverage v. Traeger Pellet Grills, LLC*,
    No. 16 Civ. 00784, 2017 WL 2797811 (N.D. Cal. June 28, 2017) ....................................... 13

*Leverage v. Traeger Pellet Grills, LLC*,
    No. 16 Civ. 00784, 2017 WL 6405619 (N.D. Cal. Dec. 15, 2017) .................................. 14, 16

Plaintiffs' Motion for Final Approval of
Settlement - iv
No. 2:21-cv-01549-JHC

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

*Lynn's Food Stores, Inc. v. United States*,
    679 F.2d 1350 (11th Cir. 1982) ................................................................... 15

*Maciel v. Bar 20 Dairy, LLC*,
    No. 17 Civ. 00902, 2021 WL 1813177 (E.D. Cal. May 6, 2021) ..................... 15

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ....................................................................... 14

*Moreno v. Beacon Roofing Supply, Inc.*,
    No. 19 Civ. 185, 2020 WL 1139672 (S.D. Cal. Mar. 9, 2020) ................... 13, 14

*Officers for Justice v. Civil Service Com'n of City and County of San Francisco*,
    688 F.2d 615 (9th Cir. 1982) ................................................................. 11, 12

*Otey v. CrowdFlower, Inc.*,
    No. 12 Civ. 05524, 2015 WL 153266 (N.D. Cal. Oct. 16, 2015) ..................... 15

*Rodriguez v. West Publ'g Corp.*,
    563 F.3d 948  (9th Cir. 2009) ..................................................................... 10

*Satchell v. Fed. Exp. Corp.*,
    No. 03 Civ. 2659, 2007 WL 1114010 (N.D. Cal. Apr.13, 2007) ..................... 12

*Silber v. Mabon*,
    18 F.3d 1449 (9th Cir. 1994) ......................................................................... 9

*Viceral v. Mistras Grp., Inc.*,
    Case No. 15 Civ. 2198, 2016 WL 5907869 (N.D. Cal. Oct. 11, 2016) ............... 13

*Wren v. RGIS Inventory Specialists*,
    No. 06 Civ. 05778, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) ..................... 12

**Statutes**

Fed. R. Civ. P. 23 ....................................................................................... 9, 10

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

## I.    Introduction

Named Plaintiffs Audra Blankers and W.B.T. Arnold (collectively, "Named Plaintiffs"), on behalf of themselves and the Settlement Class they seek to represent, seek final approval of the Parties' Settlement Agreement, ECF No. 3-2.[1]  The Settlement Agreement resolves all claims in this class action alleging Pushpay USA, Inc. ("Pushpay" or "Defendant") failed to pay overtime and provide statutorily required meal and rest breaks to the company's Sales Development Representatives ("SDRs") from the time period of March 1, 2018 through June 1, 2020.

 The Court granted preliminary approval of the Settlement Agreement on July 19, 2022. ECF No. 21. Since that date, notice of the Settlement has issued and no Class Member has objected to or opted out of the Settlement. In light of this positive reception and the tremendous value it delivers to Settlement Class Members, including an average settlement payment of $7,800, Plaintiffs submit that the Court should approve this settlement.

Plaintiffs respectfully request the Court grant this motion and enter the proposed Order, in the form submitted with this motion, that grants final approval of the proposed Settlement Agreement. Defendant does not oppose this motion.[2]

## II.    Factual and Procedural Background

### A.    Factual Allegations.

Plaintiffs Audra Blankers (formerly Audra Saisslin) and W.B.T. Arnold worked as SDRs for Pushpay. Complaint, ¶¶ 17, 24. Pushpay provides churches and charities with a mobile application for managing donors. *Id*. at ¶¶ 2-3. To connect with churches and charities, Pushpay employs a team of SDRs to contact potential clients. *Id*. at ¶ 4.

---

[1] All capitalized terms are defined in the Settlement Agreement, previously filed with the Court as ECF No, 3-2.

[2] A proposed Order is attached as Exhibit 2 to the Abrahamson Decl.

Plaintiffs' Motion for Final Approval of
Settlement - 1
No. 2:21-cv-01549-JHC

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

Plaintiffs and the Settlement Class that they seek to represent are exempt-classified SDRs. Between March 1, 2018 and June 1, 2020, Pushpay classified SDRs as exempt from the overtime requirements of federal and state law and did not compensate them for hours worked over 40 in a workweek. *Id*. at ¶ 6. Plaintiffs allege that this classification as exempt was unlawful and that SDRs performed primarily non-exempt job duties, including making phone calls to potential clients who expressed interest in working with Pushpay or who fit into Pushpay's general market focus. *Id*. at ¶ 4.

Plaintiffs allege that this misclassification deprived them of substantial overtime pay in light of the demanding schedule required to fulfill their job duties. Pushpay is headquartered overseas in New Zealand. *Id*. at ¶ 3. As a result, Pushpay SDRs allege they regularly took calls outside of business hours, including calls during morning and evening commutes, over the weekend, and during statutorily required meal breaks. *Id*. at ¶ 5.

Pushpay denies these allegations and denies liability for Plaintiffs' claims. In pre-litigation discussions, Pushpay maintained that SDRs were properly classified as exempt from the overtime requirements, argued Plaintiffs overstated the extent of their overtime hours worked, and argued Plaintiffs would face challenges certifying their claims for class treatment.

## B.    Overview of Investigation and Settlement Negotiations.

Plaintiff Blankers first notified Pushpay of her intent to pursue her wage and hour claims on March 1, 2021. Abrahamson Decl. ¶ 6. Prior to sending the letter, Class Counsel conducted an extensive investigation, including interviews with eight other former Pushpay employee witnesses, and corporate and legal research. *Id*. ¶ 7. The Parties agreed to attend mediation before litigating the contested issues between them. *Id*. ¶ 8. Prior to the mediation, Class Counsel informed Pushpay that it also represented W.B.T. Arnold with regard to his wage and hour claims. *Id*. ¶ 9.

The Parties exchanged information, drafted and exchanged mediation statements, and the case was mediated by Teresa A. Wakeen on July 26, 2021. *Id*. ¶¶ 10-11. As a result of arm's length and good faith negotiations during the mediation, and through continued negotiations in

Plaintiffs' Motion for Final Approval of
Settlement - 2
No. 2:21-cv-01549-JHC

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

the weeks following the mediation, the Parties reached a settlement in principle and executed a binding term sheet on August 24, 2021, and executed the full Settlement Agreement on November 2, 2021. *Id*. ¶ 13. As part of their settlement, the Parties agreed to seek approval of the settlement before the District Court of the Western District of Washington. *Id*. ¶ 14.

Plaintiffs filed their Complaint before this Court on November 16, 2021. That same day, Plaintiffs filed their Unopposed Motion for Preliminary Approval of Class and Collective Settlement, requesting the Court approve the Parties' proposed notice program of the settlement and set a date for a final fairness hearing. ECF No. 3. The Court denied the Motion without prejudice on May 26, 2022, instructing the Parties to amend their proposed Notice of Settlement with language explaining the differences between the "opt out" requirements of the Rule 23 state law class and the "opt in" requirements of the FLSA collective. ECF No. 15. The Parties promptly amended the Notice of Settlement, and Plaintiffs filed a Renewed Unopposed Motion for Preliminary Approval of Class and Collective Settlement on June 24, 2022. ECF No. 16. The Court entered an Order on July 19, 2022, tentatively finding that "the Agreement is fair, reasonable, and adequate" and preliminarily certifying the "settlement Class for the sole and limited purpose of implementing the terms of the Settlement Agreement." ECF No. 21 at 1-2. The Court ordered that any motion for attorney fees, costs, or an incentive award be filed by August 15, 2022 and be sent to the Settlement Class by August 18, 2022, and scheduled a Fairness Hearing for October 21, 2022. *Id*. at 4. Plaintiffs filed their Unopposed Motion for an Award of Attorney Fees, Reimbursement of Costs, and Service Awards,  on August 15, 2022. ECF No. 25. This Motion and the accompanying exhibits were mailed to the Class Members on August 17, 2022, pursuant to the Court's July 19, 2022 Order. ECF No. 31 (Notice of Compliance).

Plaintiffs' Motion for Final Approval of
Settlement - 3
No. 2:21-cv-01549-JHC

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

III.    **The Court's Preliminary Approval Order and Settlement Administration**

A.    **The Settlement Class**

In the Preliminary Approval Order (ECF No. 21), the Court certified, subject to final approval, a Settlement Class consisting of "All Sales Development Representatives working for Defendant during the time period between March 1, 2018 and June 1, 2020 and who are identified in the data Defendant produced to Class Counsel." *Id.* at 2. The Court also conditionally certified an FLSA collective. *Id.*

No members of the Settlement Class submitted requests for exclusion, therefore just as on Preliminary Approval, the Settlement Class includes 151 individuals.[3]

B.    **Administration of the Settlement Notice**

Pursuant to the Preliminary Approval Order, the Parties directed Analytics LLC, to issue the Class Notice to the Settlement Class Members by the means approved by the Court and agreed to by the Parties in the Settlement. ECF No. 21.

Consistent with the Settlement, Defendant produced to Analytics LLC and Class Counsel an Excel file containing records for the 149 Class Members. *See* Declaration of Caroline Barazesh, ¶¶ 4. ("Barazesh Decl."). The data included Settlement Class Members' names, Employee ID, mailing addresses, Social Security Numbers, telephone numbers, and Personal Email. *Id., ¶* 5. Analytics LLC then standardized and updated the mailing addresses contained in the Class List using the National Change of Address ("NCOA") system maintained by the USPS and updated the data with any corrected information from the NCOA. *Id.*, ¶ 6.

On July 29, 2022, Analytics LLC mailed the Notice to the 149 Settlement Class Members via U.S. Mail and emailed the Notice to 142 Settlement Class Members for whom Defendant had

---

[3]    The original class list had 149 Settlement Class Members, all of whom were sent notice. However, an additional person with the same job duties but a different job title contacted Class Counsel that they thought they should be part of the Settlement Class. In investigating the issue, Defendant identified one more person who had a different job title but identical job duties to the Settlement Class Members. The Parties are in the process of evaluating these two additional Settlement Class Members' Settlement Awards.

Plaintiffs' Motion for Final Approval of
Settlement - 4
No. 2:21-cv-01549-JHC

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

emails. *Id.*, ¶ 7. The Notice provided instructions for Class Members to mail a Request for Exclusion or Objection to Class Counsel postmarked on or before September 12, 2022. *Id.*, Attachment 1. Analytics operated a telephone line, specifically (877) 371-1215, and an email, PushpayOvertimeSettlement@noticeadministrator.com, to receive inquiries from Settlement Class Members. *Id.*

As a result of the July 29, 2022, mailing, 23 of the 149 mailed Notices were returned to Analytics as undeliverable by the Post Office. *Id.*, ¶ 8. Of the 23 undeliverable Notices, Analytics obtained updated mailing addresses for 22 Settlement Class Members through third-party providers to which Analytics subscribes. *Id.* Of the 22 Notices that were re-mailed, six were returned as undeliverable. *Id.* Therefore, of the 149 Notices mailed, 143 were successfully mailed. *Id.* However, the six Settlement Class Members whose Notices were returned as undeliverable all received notice via email that did not bounce. *Id.*, ¶ 10. Similarly, of the 142 Notices that were emailed four bounced, but the Settlement Class Members whose emailed Notices bounced, all received Notices via mail that were not returned as undeliverable. *Id.*, ¶¶ 10-11. Therefore, each of the 149 Settlement Class Members received the Notice via U.S. mail, email, or both. *Id.*

### C.    Objections and Exclusions

Class Members were not required to file claims to receive their ratable portion of the Net Settlement Amount. ECF 3-2, Settlement Agreement, § III.J.11. The deadline to opt out of the Settlement and submit objections was September 12, 2022. Barazesh Decl., ¶¶ 11-12. No Settlement Class Members submitted any requests for exclusion nor did any Settlement Class Member object to the Settlement. *Id.*

### D.    Settlement Payments

The Settlement provides for the following payments to be made from the Gross Settlement Amount of $1,750,000 after final approval: (i) the Named Plaintiffs and Class Members' Settlement Awards; (ii) the Named Plaintiffs' Service Awards; (iii) Class Counsel's attorneys' fees and litigation expenses; and (iv) the Settlement Administrator's settlement administration fees and expenses. ECF 3-2, Settlement Agreement, §§ III.B.5; III.J.11. The

Plaintiffs' Motion for Final Approval of Settlement - 5
No. 2:21-cv-01549-JHC

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

settlement payments will be made pursuant to the formula described at § III.F.2 of the Settlement Agreement. The formula accounts for the number of weeks a Class Member worked during the relevant period and the Class Member's regular rate of pay. *Id*.

## IV.    Summary of Settlement Terms

### A.    The Settlement Class and Class Period.

The Settlement Class consists of approximately 151 Settlement Class Members, including Named Plaintiffs. The Settlement Class is defined as "all Sales Development Representatives working for Defendant during the time period between March 1, 2018 and June 1, 2020 and who are identified in the data Defendant produced to Class Counsel." ECF No. 3-2, Settlement Agreement, § III.B.13. This time period extends from the beginning of the statute of limitations on Plaintiffs' overtime claims under state and federal law, taking into account the Parties' tolling agreement, and the time period ends at the date Pushpay reclassified its SDRs as non-exempt from the overtime requirements under the FLSA and Washington law.

### B.    The Gross Settlement Amount.

Pushpay has agreed to pay a Gross Settlement Amount of $1,750,000 to resolve this case for Named Plaintiffs and the Settlement Class Members. ECF No. 3-2, Settlement Agreement, § III.E.1. The Net Settlement Fund – the amount available to pay settlement awards to the Qualified Class Members – shall be the portion of the Gross Settlement Amount remaining after payment of Plaintiffs' attorneys' fees and litigation expenses, settlement administration expenses, and Named Plaintiffs' service awards. *Id*. at § III.B.5. The Settlement Provides for an award of $583,333 in attorneys' fees and up to $4,000 in litigation costs, an amount of $10,000 to each Named Plaintiff as a service award, and $9,039 to be paid to Analytics LLC for settlement administration costs. *Id*. at § III.E.2.

The Gross Settlement Amount is a negotiated amount that resulted from substantial arms' length negotiations and significant investigation and analysis by Class Counsel. *Id*. at § II.B. Class Counsel based their damages analysis and settlement negotiations on informal discovery, including payroll and policy documents, as well as interviews with Plaintiffs and eight other

Plaintiffs' Motion for Final Approval of Settlement - 6
No. 2:21-cv-01549-JHC

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

SDRs. Abrahamson Decl. ¶ 10.

Class Counsel built a comprehensive damages model from the payroll data produced by Pushpay and the interviews, and applied formulas to determine the total potential damages for unpaid overtime, meal breaks, and rest periods. *Id*. The Gross Settlement Amount represents 100% of unpaid wages for 5.5 overtime hours of work each week, recovery of unpaid meal and rest breaks for 25% of the employees, and 40% of potential liquidated damages. *Id*. ¶ 15.

**C.     The Settlement Provides for Direct Payments to Settlement Class Members.**

Settlement Class Members are not required to submit a claim form to participate in the Settlement. ECF No. 3-2, Settlement Agreement, § III.J.11. Settlement Class Members will automatically receive Settlement Payments once the Court grants final approval. *Id*. Settlement Class Members will have 120 days from the date the settlement checks are issued by the Settlement Administrator to cash their checks. *Id*., § III.J.13.

**D.     Settlement Allocation.**

The Net Settlement Amount will be allocated amongst the Settlement Class Members based on their gross pay and the number of work weeks that they worked during the applicable class period; an assumption that Washington Settlement Class Members missed 25% of their Meal and Rest Breaks; and the application of 40% of their liquidated damages. *Id*., § III.F.2 (setting forth the specific allocation formula).

**E.     Limited Release of Claims for the Named Plaintiffs and Settlement Class Members.**

The releases in the Settlement Agreement are limited. Settlement Class Members who do not opt out will release Pushpay's current and former parent, subsidiaries, sister companies, and any other affiliated companies only from claims or causes of action they have for unpaid overtime wages and missed or non-compliant rest and meal breaks under federal, state, and local law while they worked for Pushpay as salaried exempt SDRs between March 1, 2018 and June 1, 2020. *Id*., § III.C.

**F.     Attorneys' Fees and Costs and Plaintiffs' Service Awards**

Plaintiffs' Motion for Final Approval of
Settlement - 7
No. 2:21-cv-01549-JHC

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

The Settlement allows the Named Plaintiffs to apply for Service Awards in an amount of $10,000 each. *Id*. at §§ III.E.2; III.H. These awards are in addition to the pro rata Settlement Payments they will receive under the Settlement. *Id*. at § III.H. Under the Settlement, the total Attorneys' fees sought shall not exceed one-third of the Gross Settlement Amount, $583,333, and the litigation costs sought shall not exceed $4,000. *Id*. at §§ III.E.2; III.G.

On August 15, 2022, Plaintiff filed an Unopposed Motion for an Award of Attorney Fees, Reimbursement of Costs, and Service Awards. ECF No. 25. This Motion and supporting exhibits were mailed to Settlement Class Members on August 17, 2022. ECF No. 31 (Notice of Compliance).

### G.    The Settlement Administrator

The Parties mutually agreed that Analytics Consulting LLC ("Analytics") should serve as the Settlement Administrator responsible for administering the Settlement. ECF No. 3-2, Settlement Agreement, § III.B.11. Analytics is a well-established class action settlement administrator and has substantial experience administering wage-and-hour class action settlements. Analytics has agreed to administer the Settlement for $9,039.00. The Settlement Administrator's costs shall be paid from the Settlement Amount. *Id.* § III.B.11

The Settlement Administrator is responsible for: (1) preparing, printing, mailing and emailing the Notice of Class Action Settlement to the Class Members; (2) processing any Requests for Exclusion or Objections to the Settlement; (3) processing, reviewing, and paying the Settlement Payments; (4) establishing and maintaining a Qualified Settlement Fund, including all associated tax document preparation; (5) calculating tax withholdings and payroll taxes and making related payments to the appropriate state and federal taxing authorities and issuing tax forms relating to payments made under the Settlement; (6) returning the funds from any uncashed checks to Pushpay; and (7) any other tasks the Arbitrator may assign. *Id.* §§ III(F), (I), (J).

### V.    The Court Should Grant Final Approval.

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

Plaintiffs now request that the Court grant final approval, the final step for approval of a class action settlement under Federal Rule of Civil Procedure 23(e).  Approval is warranted here because the proposed Settlement Class meets the requirements for certification, the notice program approved by the Court was successfully implemented, and the Settlement is fair, reasonable, and adequate.

A.   **The Court Concluded the Requirements of Rule 23(a) and Rule 23(b)(3) Are Met for the Class.**

In the Preliminary Approval Order, the Court preliminarily determined that the proposed Settlement Class satisfied the four requirements under Rule 23(a). ECF No. 21 at 2. The Court found that the size of the class met the numerosity requirement, there are questions of law and fact common to the Settlement Class Members, the claims of the Class Representatives are typical of the claims of the Settlement Class Members, and the Class Representatives will fairly and adequately represent the interests of the Settlement Class Members. *Id*. at 2. Furthermore, the Court held that the proposed Settlement Class satisfied the Rule 23(b)(3) requirement as class adjudication would be more efficient than individual adjudication. *Id*.

None of the pertinent facts presented to the Court on preliminary approval have changed and no class members have objected to the Settlement. Therefore, the Settlement Class should be certified for purposes of final approval.

B.   **The Judicially-Approved Notice Program was Successful.**

Pursuant to Rule 23(e), the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23 (e)(1). Rule 23(c)(2)(B) requires the Court to direct to Class Members the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23 (c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974).  While reasonable efforts are required to reach all class members, Rule 23 does not require that every single class member actually receive notice. *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).

Plaintiffs' Motion for Final Approval of
Settlement - 9
No. 2:21-cv-01549-JHC

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

Here, the Court in preliminarily approving the settlement authorized notice through mail and email and concluded such notice constituted "the best notice practicable under the circumstances" ECF No. 21 at 3. The Parties and the Settlement Administrator carried out the approved notice plan with success. Reasonable steps were taken to ensure that all Settlement Class Members received the notice. Only six out of 149 Notices sent via mail were ultimately undeliverable (4%) following skip-tracing and other techniques to verify current mailing addresses. *See*, Barazesh Decl., ¶ 7-10. Of the six mailed notices that were ultimately undeliverable, all the Settlement Class Members received notice via email. The notices provided reasonable estimates of Class Members' recovery, in addition to considerable information about the case and the Settlement. The Parties' and the Settlement Administrator's extensive efforts to effectuate notice to the class, as described above, meet the requirements of Rule 23(e)(2)(B).

### C.    The Settlement is Procedurally and Substantively Fair, Reasonable, and Adequate

Final approval of a class action settlement under Rule 23 is governed by Rule 23(e)(2) which requires that the court hold a hearing and find after the hearing that the settlement is procedurally and substantively fair, reasonable and adequate. Rule 23(e)(2) directs the court to consider whether the settlement is fair, adequate, and reasonable in light of whether: (1) the class representatives and class counsel adequately represented the class; (2) the proposal was negotiated at arms' length; (3) the relief provided to the class is adequate; and (4) the proposal treats class members equitably relative to each other. Prior to the 2018 addition of these factors to Rule 23, the Ninth Circuit considered a set of factors to determine fairness of a class action settlement including:

> (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

*Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009). Courts now treat the Ninth Circuit factors as "optional guideposts that may be applied in addition to Rule 23(e)(2)'s express requirements." *Jackson v. King Cnty.*, No. 21 Civ. 00995, 2022 WL 168524, at *6  n.1 (W.D. Wash. Jan. 18, 2022).

The final approval hearing is "not to be turned into a trial or rehearsal for trial on the merits." *Officers for Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). Rather, the evaluation "must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Id*.

Here, under both the Rule 23(e)(2) requirements and the additional Ninth Circuit factors, the settlement meets the standard for final approval.

### 1.    The Class Representatives and Class Counsel Adequately Represented the Class - Rule 23(e)(2)(A).

The first Rule 23(e)(2) adequacy analysis is "redundant" of the adequacy inquiry a Court must engage on in considering whether to grant class certification under Rule 23(a)(4). *Hudson v. Libre Tech. Inc.*, No. 18 Civ. 1371, 2020 WL 2467060, at *5 (S.D. Cal. May 13, 2020). This Court already considered the question of adequacy and concluded that the Class Representatives and Class Counsel adequately represented the Class. ECF No. 21 at 3. This conclusion is warranted because Named Plaintiffs and Settlement Class Members allegedly suffered the same alleged overtime violation—misclassification—and thus have sufficient interest in the outcome of the case. *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 626 (1997). Furthermore, Class Counsel are experienced class action attorneys and have acted as representative counsel in numerous actions in federal and state courts. *See Knox v. Jones Grp.*, No. 15 Civ. 1738, 2017 WL 3834929, at *5 (S.D. Ind. Aug. 31, 2017) (describing Werman Salas P.C. "as national leaders in advocating the rights of working people in wage and hour litigation.").

### 2.    The Proposal Was Negotiated at Arm's Length - Rule 23(e)(2)(B).

Plaintiffs' Motion for Final Approval of
Settlement - 11
No. 2:21-cv-01549-JHC

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

Courts routinely presume a settlement is fair where it is reached through arm's-length bargaining. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998); *Deaver v. Compass Bank*, No. 13 Civ. 00222, 2015 WL 8526982, at *9 (N.D. Cal. Dec. 11, 2015) (finding no evidence of collusion where "the parties engaged in settlement talks overseen by a neutral mediator before agreeing on this settlement"); *Satchell v. Fed. Exp. Corp*., No. 03 Civ. 2659 SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr.13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."). Further, where counsel are well-qualified to represent the proposed class and collective in a settlement based on their extensive class and collective action experience and familiarity with the strengths and weaknesses of the action, courts find this factor to support a finding of fairness. *Wren v. RGIS Inventory Specialists*, No. 06 Civ. 05778, 2011 WL 1230826, at *10 (N.D. Cal. Apr. 1, 2011); *Carter v. Anderson Merchandisers, LP*, No. 08 Civ. 0025, 2010, WL 1946784, at *8 (C.D. Cal. May 11, 2010) ("Counsel's opinion is accorded considerable weight.").

This Settlement was the result of arm's length negotiations between counsel. The Parties attended a full-day mediation session with an experienced class and collective action mediator, Teresa A. Wakeen. Abrahamson Decl. ¶ 11. The Parties then spent several months continuing settlement negotiations, negotiating the material terms of the Settlement, with several rounds of revisions and proposals related to the terms and details of the Settlement. *Id.* ¶ 12. Further, Plaintiffs are represented by experienced and respected litigators of representative wage and hour actions, and these attorneys feel strongly that the proposed Settlement achieves an excellent result for the Settlement Class Members. *Id.* ¶ 20.  Mediation only occurred after the parties engaged in substantial informal discovery. *Id.* ¶ 10.

### 3.    The Relief Provided to Class Members is Outstanding - Rule 23(e)(2)(C).

In assessing whether a settlement is adequate, the court is not required "to reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and

Plaintiffs' Motion for Final Approval of
Settlement - 12
No. 2:21-cv-01549-JHC

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

expensive litigation that induce consensual settlements." *Bell v. Consumer Cellular, Inc.*, No. 15 Civ. 941, 2017 WL 2672073, at *4 (D. Or. June 21, 2017) (*quoting Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982)).

Here, Defendant has agreed to pay a substantial sum to Settlement Class Members given the risks associated with continued litigation. The Gross Settlement Amount represents 100% of the overtime wages owed to all Settlement Class Members if they worked 45.5 hours in each week they worked for Defendant as a SDR during their applicable Release Period. Abrahamson Decl. ¶ 15. Even *after* the payment of Class Counsel's fees, litigation expenses, service payments to the Named Plaintiffs, and the costs of settlement administration, the Settlement Class Members are receiving 91% of the estimated overtime wages owed if they worked 45.5 hours in each week they worked during the applicable Release Period and missed Meal and Rest Breaks. *Id*. The largest settlement payment is estimated to be more than approximately $41,800, with the average net settlement payment to Settlement Class Members being approximately $7,800. *Id.* ¶ 16. This is an excellent result given that Defendant denies that SDRs were unlawfully denied overtime wages and vigorously disputes that SDRs regularly worked over 40 hours each week.

Courts routinely approve settlements that provide a fraction of the maximum potential recovery. *See, e.g., Leverage v. Traeger Pellet Grills, LLC*, No. 16 Civ. 00784, 2017 WL 2797811, at *7 (N.D. Cal. June 28, 2017) (approving wage and hour settlement representing 12% of total value); *Viceral v. Mistras Grp., Inc*., No. 15 Civ. 2198, 2016 WL 5907869, at *7 (N.D. Cal. Oct. 11, 2016) (approving wage and hour settlement which represented 8.1% of the total value). The excellent result for the Settlement Class Members supports final approval.

### 4.     The Proposal Treats Class Members Equally - Rule 23(e)(2)(D).

Rule 23(e)(2) requires the Court to consider whether the proposed settlement agreement treats class members equitably relative to each other and avoids granting "preferential treatment to class representatives or segments of the class." *Moreno v. Beacon Roofing Supply, Inc.*, No. 19 Civ. 185, 2020 WL 1139672, at *9 (S.D. Cal. Mar. 9, 2020). Each Settlement Class Member's damages are calculated using the same number of alleged overtime hours worked per week. ECF

Plaintiffs' Motion for Final Approval of
Settlement - 13
No. 2:21-cv-01549-JHC

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

No. 3-2, Settlement Agreement, § III.F.2. And Settlement Class Members' awards are calculated on a *pro rata* basis based on the number of applicable work weeks they worked, per the data produced by Defendant. *Id*. The method of allocation satisfied the requirements of Rule 23(e)(2)(D). *See Moreno*, 2020 WL 1139672, at *9 ("Here, the settlement treats each class member equally as each class member's settlement payment will be calculated pro rata based on the number of workweeks they worked during the relevant time period.").

### 5.   The Additional Ninth Circuit Factors Support Approval.

While many of the Ninth Circuit factors overlap with the Rule 23(e)(2) analysis, the additional factors traditionally applied in analyzing class action settlements also point toward final approval. The settlement here only took place after the exchange of payroll and policy documents and Class Counsel's analysis of the maximum exposure using a comprehensive damages model. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000), *as amended* (June 19, 2000) ("In the context of class action settlements, formal discovery is not a necessary ticket to the bargaining table where the parties have sufficient information to make an informed decision about settlement."). Continued litigation of this matter posed numerous risks to recovery including motion practice on collective and class action, the risk of decertification, and the expenses involved with discovery, trial, and a potential appeal. *See Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 446 (E.D. Cal. 2013) (noting settlement "provides Class Members with another significant benefit that they would not receive if the case proceeded— certain and prompt relief."). Plaintiffs also faced risks specific to their misclassification theory, which courts have noted face the challenge of "divergent testimony" over the nature of the putative class members job duties.   *See, for example, Leverage v. Traeger Pellet Grills, LLC*, No. 16-CV-00784-KAW, 2017 WL 6405619, at *4 (N.D. Cal. Dec. 15, 2017) (describing risks in maintaining a class based on a misclassification theory).

Finally, the fact that there were no objections or exclusions points strongly towards approval. *See, e.g., Deaver v. Compass Bank*, No. 13 Civ. 00222, 2015 WL 8526982 (N.D. Cal. Dec. 11, 2015) ("the absence of a large number of objections to a proposed class action

Plaintiffs' Motion for Final Approval of
Settlement - 14
No. 2:21-cv-01549-JHC

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

settlement raises a strong presumption that the terms of a proposed class settlement are favorable to the class members.").

### D.    The Settlement Meets the Standard for Approval Under the FLSA.

The Ninth Circuit has not set out criteria a district court must consider when determining whether an FLSA settlement warrants approval. *See, e.g., Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13 Civ. 05456, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016) ("The Ninth Circuit has not established the criteria that a district court must consider in determining whether an FLSA settlement warrants approval."); *Otey v. CrowdFlower, Inc.*, No. 12 Civ. 05524, 2015 WL 153266, at *3 (N.D. Cal. Oct. 16, 2015). The general practice in the absence of specific guidance is to consider whether the named plaintiff is "similarly situated" to the putative collective members within the meaning of 29 U.S.C. § 216(b), and then evaluate the settlement under the standard established by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), which requires the settlement to constitute "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Otey*, 2015 WL 6091741, at *4. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues . . . that are actually in dispute," the district court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved. *Id.* at 1354.

For the reasons explained above, the Settlement easily meets this standard and the FLSA release should be approved for the Settlement Class Members who negotiate their settlement checks under the limited endorsement. *See e.g., Chetwood v. T-Mobile USA, Inc.*, No. 19 Civ. 00458, 2021 WL 2206481, at *4 (W.D. Wash. June 1, 2021) (preliminarily approving settlement where class members were informed "if they cash their Individual Settlement Award check, they will thereby opt into the FLSA Settlement Collective and release the FLSA claims."); *Maciel v. Bar 20 Dairy, LLC*, No. 17 Civ. 00902, 2021 WL 1813177, at *1 (E.D. Cal. May 6, 2021) (granting final approval where "Only Class Members who cash their FLSA Settlement Checks

will release their FLSA Claims."); *Leverage v. Traeger Pellet Grills, LLC*, No. 16 Civ. 00784, 2017 WL 6405619, at *3 (N.D. Cal. Dec. 15, 2017) (final approval of settlement where "Cashing the settlement check will be deemed an opt-in for purposes of settling and releasing FLSA claims."); *Aguirre v. DirecTV, LLC*, Case No. 16 Civ. 06836, 2017 WL 6888493, at *14 (C.D. Cal. Oct. 6, 2017) (preliminarily approving settlement in which "the FLSA settlement requires Class Members to opt-in and those claims are only released when a Class Member cashes their check for the FLSA Settlement Payment").

### E.    The Requested Attorneys' Fees and Costs are Reasonable, as well as the Service Awards.

Plaintiffs articulated the basis for the requested attorneys' fees and costs, and the Named Plaintiffs' Service Awards, in the Unopposed Motion for an Award of Attorney Fees, Reimbursement of Costs, and Service Awards, filed on August 15, 2022. ECF No. 25. This Motion and the accompanying exhibits were mailed to the Class Members on August 17, 2022, pursuant to the Court's July 19, 2022 Order. ECF No. 31 (Notice of Compliance).

Plaintiffs do not repeat those arguments from that Motion here. However, since the mailing of the Motion, there have been no objections submitted nor any exclusions from the settlement class. This is an additional reason for awarding the requested fees and costs and approving the requested service awards. *See, e.g., Deaver v. Compass Bank*, No. 13-CV-00222-JSC, 2015 WL 8526982, at *12 (N.D. Cal. Dec. 11, 2015) ("[T]he lack of objection by any members of the class also supports the fee award.").  Further, since the filing of the motion, Class Counsel has expended an additional 26.17 hours, $11,632.67 in attorneys' fees, in administrating the settlement and preparing for final approval. Abrahamson Decl. ¶ 21.

### F.    The Parties' Proposed Schedule is Reasonable.

The Settlement Agreement contains the following proposed schedule, which Plaintiffs respectfully request this Court approve:

| Effective Date | 31 days after the Parties' motion for final approval of the Settlement is granted by the Court if no timely appeal of such Order is filed, |
|---|---|

Plaintiffs' Motion for Final Approval of
Settlement - 16
No. 2:21-cv-01549-JHC

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

| | or if an appeal is filed, the date on which such appeal is final |
|---|---|
| Deadline for Defendant to fully fund the Settlement | 7 days after the Effective Date |
| Deadline for Settlement Administrator to wire the Attorneys' Fees Award and Costs Payment approved by the Court to Class Counsel and to mail any Service Awards approved by the Court to the Named Plaintiffs | 21 days after receiving Defendant's payment |
| Deadline for Settlement Administrator to issue and mail all Settlement Award checks to Named Plaintiffs and Qualified Class Members | 21 days after receiving Defendant's payment |
| Check Cashing Deadline | 120 days after issuance |

## VI.    Conclusion

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their Unopposed Motion for Order Granting Final Approval of Class Settlement and Approving FLSA Settlement, and enter the proposed Order filed contemporaneously herewith.


Dated: September 26, 2022                    Respectfully submitted,

/s/ Matthew Crotty
One of Plaintiffs' Attorneys

MATTHEW CROTTY, WSBA 39284
matt@crottyandson.com
Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
(509) 850-7011

DOUGLAS M. WERMAN*
dwerman@flsalaw.com
Michael M. Tresnowski*
mtresnowski@flsalaw.com
Werman Salas P.C.
77 West Washington St, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

SALLY J. ABRAHAMSON*
sabrahamson@flsalaw.com

Plaintiffs' Motion for Final Approval of Settlement - 17
No. 2:21-cv-01549-JHC

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011

Werman Salas P.C.
335 18th Pl. NE
Washington, D.C. 20002
(202) 830-2016

*Admitted pro hac vice*

**Attorneys for Plaintiffs and the Class**

Plaintiffs' Motion for Final Approval of
Settlement - 18
No. 2:21-cv-01549-JHC

Crotty & Son Law Firm, PLLC
905 W. Riverside Ave. Ste. 404
Spokane, WA 99201
509.850.7011