UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AUDRA BLANKERS and W.B.T. ARNOLD, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PUSHPAY USA, Inc.,<br><br>Defendant. | CASE NO. 2:21-cv-01549-JHC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class and Collective Settlement (Dkt. # 32) and Plaintiffs' Unopposed Motion for an Award of Attorney Fees, Reimbursements of Costs, and Service Awards (Dkt. # 25).

1. The Court grants final approval of the class and collective action settlement, as set forth in the Parties' Settlement Agreement ("Agreement").

2. Pursuant to 29 U.S.C. § 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA. The Court further finds that, with regard to the Fair Labor Standards Act ("FLSA") claims in the case, the proposed settlement is a fair and reasonable resolution of a bona fide dispute.

ORDER - 1

3. The Court finally certifies a Federal Rule of Civil Procedure 23 Washington state law class for settlement purposes.

4. The Court finds that the Class Notice given to Class Members pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

5. Pursuant to Rule 23(e), this Court hereby finally approves the settlement as set forth therein. The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on members of the Settlement who did not opt out pursuant to the procedures set forth in the Preliminary Approval Order.

6. The Court finds that Class Members' reaction to the settlement was positive. No Class Member objected to the Settlement. No Class Member requested exclusion from the Settlement.

7. The Parties are directed to perform the obligations set forth in the Settlement Agreement, and the Court expressly adopts and incorporates herein all the terms of the Settlement Agreement. Dkt. # 3–2.

8. The Court grants Plaintiffs' Unopposed Motion for an Award of Attorney Fees, Reimbursement of Costs, and Service Awards. Dkt. # 25.

9. Plaintiffs' Counsel's request for attorney fees in the amount of $583,333.00 and for litigation costs in the amount of $4,000 is approved. <u>The Court finds that these requests are reasonable in light of the excellent result achieved for the class.</u>

10. The Court approves and find reasonable the following Service Awards: $10,000 to Class Representative Blankers and $10,000 to Class Representative Arnold. These awards are in addition to the payments each individual will receive as his or her pro rata share of the Net Settlement Amount.

ORDER - 2

11. The Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $9,039 from the Gross Settlement Amount.

12. The Court adopts the following dates and deadlines:

| | |
|---|---|
| Effective Date | 31 days after the Parties' motion for final approval of the Settlement is granted by the Court if no timely appeal of such Order is filed, or if an appeal is filed, the date on which such appeal is final |
| Deadline for Defendant to fully fund the Settlement | 7 days after the Effective Date |
| Deadline for Settlement Administrator to wire the Attorney Fees Award and Costs Payment approved by the Court to Class Counsel and to mail any Service Awards approved by the Court to the Named Plaintiffs | 21 days after receiving Defendant's payment |
| Deadline for Settlement Administrator to issue and mail all Settlement Award checks to Named Plaintiffs and Qualified Class Members | 21 days after receiving Defendant's payment |
| Check Cashing Deadline | 120 days after issuance |

13. This matter is dismissed without prejudice. The dismissal shall automatically convert to one with prejudice after Defendant has fully funded the settlement, including the employer share of payroll taxes.

14. The Court retains jurisdiction solely with respect to the interpretation, implementation, and enforcement of the terms of the Parties' Settlement Agreement.

Dated this 21st day of October, 2022.

*John H. Chun*

John H. Chun
United States District Judge

ORDER - 3